Lipscomb, J.
There we're many exceptions taken to the ruling of the court on points presented in the progress of the proceedings. We will only notice and discuss such as we believe to be important. The issue tried by the jury was oh a denial of the return of the garnishee, which denial it is contended was insufficient in law to authorize an issue to bo made up by the court for the jury. It will be seen by article 50 of Hartley’s Digest that “tiie plaintiff wishing to controvert tiie garnishee's answer may do so by making oath that lie believes the same to be incorrect.” If the provision of tiie statute just cited is to receive the plain and obvious interpretation of the language emploj'ed, no person bnt the plaintiff could make the oath required. Now it expressly provided as to the affidavit for taking out an attachment and the bond required to be given that it shall he done by the plaintiff, his agent, or attorney. (Art. 25, Digest.) Why this provision was not extended to tiie oath required to put the garnishee’s answer in controversy is a question to which we liave no right to respond. Had the language been equivocal as to by whom tiie oath should be made there would have been plausible ground for referring it to the previous article to ascertain who ivas authorized to make it. But no such uncertainty is discovered; and it has been the uniform rule of decision of this court, in cases of attachment especially, never to extend the provisions'of the statute by a liberal intendment of what might liave been the meaning of the Legislature. We think, therefore, the court below erred in overruling the garnishee’s exception to the manner in which his answer was controverted.
The objection to the judgment rendered by the court on the verdict of the jury must be sustained. The same article in the digest, directing- the manner in which tiie answer of the’garnishee shall be controverted, directs that when it has been so controverted an issue shall be made under the direction of the court to be tried b.y a jury. The only issue that seems to liave been presented to the jury was as to the fact of notice to the plaintiffs of the existence of the deed of trust before the levy of the attachment, and this issue must have been formed on the hypothesis that the court believed that it was the only important one, and that it would be decisive of the case. If so, and if this w?.s the only part of the answer denied, tiie execution of the deed for a good *161 and valid consideration fairly and bona fide made was admitted; 'and if it was not a valid defense, it was because there was no notice, either actual or edn-struetive, to the plaintiffs of its existence before their lien acquired by the attachment was created. Such, then, being the issue put to the jury, their verdict did not authorize a judgment of condemnation against the garnishee, because it was found in his favor. And the only judgment that could be sustained on their finding would be the discharge of the garnishee. If the deed was for a valuable consideration and not liable to be impeached, the question of notice was the only one that could be raised, as it will not admit of a doubt that until a lien had attached it was perfectly competent for the debtor to prefer one creditor to another. That the plaintiffs acquired no lien before the levy of their attachment is a proposition that will not be denied. The deed not having been registered it was necessary to prevent the lien of the attaching creditor that actual notice should be brought home to him. As notice to the attorney and agent, who had as such made the affidavit for obtaining the attachment, was notice to his principa], we decline discussing the question whether a judicial attachment creates a lien, because hi this case it has not been raised. But it is certain that no lien could be acquired until the levy, even if a judicial attachment is to be put on the same footing as an original one.
The judgment must be reversed and the cause remanded.
Judgment reversed.