PADDEN ET AL. V. MOORE ET AL.

1. **Garnishee**: APPEARANCE: NOTICE: JURISDICTION. A garnishee, when called upon to appear and answer in court, should be legally served with notice, requiring him to so appear on the first day of the next term after the writ or execution issues and the service is made; and where the notice requires the garnishee to appear at any other time, the court thereby acquires no jurisdiction, and cannot enter a judgment against the garnishee by default.

2. ———: ———: JURISDICTION: DEFAULT AND JUDGMENT: VOID. Where no proper notice was served and the court acquired no jurisdiction over the garnishee, the subsequent appointment of a commissioner, and the entry of default and judgment were void; and the filing of a protest against the jurisdiction of the court by the garnishee did not constitute an appearance, or confer jurisdiction upon the court.

3. ———: INDEBTEDNESS: BURDEN OF PROOF. A garnishee is not presumed to be indebted to the execution or attachment defendant, and the burden of showing such indebtedness rests upon the plaintiff in the garnishment proceedings.

*Appeal from Winneshiek District Court.*

TUESDAY, JUNE 13.

ON the 12th day of March, 1878, the defendant, Webster, recovered a judgment in the Winneshiek District Court against William Padden. On the 15th day of October of the same year, the said court being then in session, execution issued on the judgment, and the plaintiffs herein were garnished as supposed debtors of the execution defendant. The plaintiffs were required by the notice of garnishment, to appear at said court on the 9th day of that term being the 23d day of October. They went to Decorah, the place where said court was held, on that day intending to make answer, and the court was not in session, but had adjourned. Being advised of this fact, and not knowing but that the adjournment of the court was final for the term, the plaintiffs returned to their homes and gave the matter no further attention. The fact was, that the court had adjourned on the day before

plaintiffs were required to appear to some time after that time. After this adjournment, as we understand the record, a commissioner was appointed to take the answers of the plaintiffs, and a day was fixed for them to answer. The plaintiffs did not appear and the commissioner so reported.

At the March term, 1879, a default was entered against the plaintiffs and a judgment was rendered against them. On the 2d day of October, 1879, a notice was served on plaintiffs to show cause why execution should not issue against them on the judgment. November 1st, 1879, plaintiffs presented to the clerk of the court a showing why execution should not issue, which showing was marked as filed, but the same was not entered upon the appearance docket and was taken by plaintiffs' attorney, who carried it to his home, which was some distance from the county seat, and the court ordered that execution issue against the plaintiffs.

Execution having been issued and levied upon certain chattels of the plaintiffs they commenced this action to enjoin the defendant, Moore, from proceeding with a sale of the property, on the ground that the judgment against them as garnishees was void, having been rendered without jurisdiction in the court rendering the same.

The cause was tried to the court and a decree was entered dismissing plaintiffs' petition, and they appeal.

*W. E. Akers*, for appellants.

*Brown & Portman*, for appellees.

ROTHROCK, J.—I. It appears from the record that the garnishment notice was served by a bailiff, who was duly appointed and acting as such at the term of the court which was in session when the execution issued. It is claimed by appellants that the court had no jurisdiction of them because the bailiff had no power to serve the writ. We do not find it necessary to determine this question, because we think the decree of the court below must be reversed on another ground, which we will proceed to consider.

Padden v. Moore.

· II.   It is claimed that the court acquired no jurisdiction of the persons of the plaintiffs as garnishees because there was no proper service of notice upon them.   The exe-cution was issued during a term of court, and plaintiffs were required by the notice to appear on a day named at that term.   The statute, defining the time of appearance and the rights of a garnishee after he has made an appearance in answer to the notice upon him, is singularly indefinite and inexplicit.   We believe the practice in some dis-tricts is to summon garnishees to appear on the first day of the term, and at the convenience of counsel who have the mat-ter in charge a commissioner is appointed to take the answer of the garnishees, and the answer is taken at the convenience of all parties concerned except the garnishee.   There should be some established practice upon the subject.   In this case we are to inquire whether the garnishees were brought under the jurisdiction of the court by the service of any proper no-tice upon them.   It is provided by section 2979 of the Code, that the notice to the garnishee must require him "to appear on the first day of the next term of the court, wherein the main cause is pending."   This appears to be a peremptory provision of the law.   A party cannot be required to appear as garnishee at any other time, any more than a party to an action can be required to appear in obedience to an original notice at any other time than that fixed by law.   It is true this section of the Code is found in the chapter providing for garnishment in attachment proceedings, and while there is a main action pending.   But by section 3051, which provides for garnishment on execution, it is required that the "gar-nishee shall be served as in case of attachment," and "the proceedings shall be the same under garnishment as under attachment as near as the nature of the case will allow."

There can be no doubt under these provisions of the law that a garnishee when called upon to appear and answer in court, should be by notice required to do so on the first day of the next term of the court from which the writ issues.   No

*1. GARNISHEE: appearance: notice: juris-diction.*

Vol. LVIII—45

such notice having been served upon the plaintiffs, if they had failed to appear at the time fixed in the notice served upon them, the court could not have entered default against them, for the good and sufficient reason that there was no law requiring their appearance at the time named in the notice. It is scarcely necessary to say there was no voluntary appearance on the day fixed in the notice. None of the steps necessary to make an appearance were taken by plaintiffs, and there was no court in session to take their answers if they had attempted to appear.

III. We are next to inquire whether the court at any subsequent stage of the proceedings acquired jurisdiction of the garnishees. Of course, if there was no jurisdiction obtained by service of the notice, the subsequent appointment of a commissioner without notice, and the entering of a default and judgment without notice were all void. Did the showing why execution should not issue operate to give the court jurisdiction and render the judgment valid which before was void? We think under the circumstances of this case it did not. Whether a party upon this proceeding supplemental to the judgment may file a bill in equity to set aside the judgment as being void for want jurisdiction we need not determine. The facts in this case show that the paper prepared by plaintiffs was a protest against the jurisdiction of the court to render judgment against them, and the court had the records before it showing the want of jurisdiction, but the showing by the plaintiffs was not an appearance by them to the proceeding, because it did not constitute an appearance as defined by section 2626 of the Code. The paper or showing was not filed and did not become part of the records of the court. It was not filed because no memorandum thereof was made in the appearance docket. Code, § 200. It is true, the plaintiffs in their petition in this case and in argument claim that no appearance was made by their counsel when the cause was disposed of, because he was sick. They urge and insist, however, that the

*2. ——: ——: jurisdiction: default and judgment: void.*

court had no jurisdiction. We agree with them, but on somewhat different grounds than those which they urge.

IV. The judgment being void, the plaintiffs in this action seek to set it aside for that reason, and they aver that they

3. ———: in-debtedness: burden of proof.

were in no manner indebted to the execution defendant when they were served with the garnishment notice. Appellees insist that plaintiffs have not shown by proof that they were not so indebted.

We think as the judgment was void and the garnishees alleged that they were not indebted, the burthen was on the defendants to show that they were. A garnishee is not presumed to be indebted to the execution or attachment defendant.

REVERSED.