BERNARD SCRAM ET AL. v. J. F. DUGGAN ET AL.

(No. 2362, Op. Book No. 2, p. 636.)

APPEAL from Guadalupe County.  Opinion by WALKER, R. S., P. J.

§ 1269. *Attachment; construction of laws relating to.* The principles of law applicable to attachments and similar extraordinary writs require a strict construction of the provisions of the statutes which regulate their issuance.  Our courts have always adhered to this rule. [Raguet v. Nixon, Dallam, 386; Wooster v. McGee, 1 Tex. 17; Givens v. Taylor, 6 Tex. 315.]

§ 1270. *Affidavit for attachment; must state that the defendant is " justly indebted," etc.*  The statute requires that the affidavit for attachment must state " that the defendant is justly indebted to the plaintiff, and the amount of the demand."  Where this requirement has not been complied with in terms or in substance, the proceedings are fatally defective, and the attachment will be dissolved.  [Marshall v. Alley, 25 Tex. 342.]

§ 1271. *Same; must contain all necessary facts; cannot be made up piece-meal by affidavits of different parties to separate facts.*  To sustain the affidavit for attachment appellants sought to make use of the affidavit made to the correctness of the account sued upon.  This affidavit to the account was made by appellant Sam Scram, while the affidavit for the attachment was made by the appellant Bernard Scram.  *Held:* The statute contemplates that the party making the affidavit, to procure the issuance of an attachment, shall swear to *all* such facts as are essential under the law to be sworn to, and not that the several different facts which constitute the

plaintiff's grounds for attachment may be sworn to by different persons, piece-meal and at different times; or that the scattered fragments of sworn facts lying through the record of a case, made at different periods, may be aggregated under a logical formula as the basis of an attachment, when in truth the facts, when sworn to, were not designed by the affiant to have any relation to the suing out of a writ of attachment. The statute permits an attachment to be issued only upon an affidavit made by the party, his agent or attorney, having in view the writ prayed for, and affidavits other than those should not be regarded any more than any other evidence *aliunde* the statutory affidavit. The judgment of the court below dissolving appellants' attachment was

June 14, 1882.                                    Affirmed.