65   171<br>102   257

McDonald & Co. v. Moore et al.

65   171<br>140   647

1. **Garnishment:** EVIDENCE OF: ADMISSION BY GARNISHEE: INSTRUCTION. One cannot be held as a garnishee unless he has been legally garnished, even though he appear and answer interrogatories; and where, in such case, the garnishee denied the fact of garnishment, the only proper evidence to establish that he had been garnished was the writ and the return thereon; (*Rock v. Singmaster*, 62 Iowa, 511;) and, no such evidence being offered, it was error for the court to give an instruction which assumed that there had been a garnishment.

2. ——: CONTROVERTING ANSWER OF GARNISHEE: IRRELEVANT ALLEGATIONS. Allegations pleaded to controvert the answers of a garnishee, when they do not tend to establish his liability as such, should be stricken out on motion. For example, see opinion.

3. **Evidence Out of Order:** RIGHT TO REBUT. Where a point has been gone over in the introduction of evidence, but the plaintiff is permitted afterwards to introduce upon the same point further evidence, which was before omitted by oversight, the defendant should ordinarily have a right to rebut such new evidence. For example, see opinion.

*Appeal from Adams District Court.*

THURSDAY, DECEMBER 4.

THE plaintiffs are creditors of the defendant, Alphonso Moore. As such they brought this action against him, and in their petition they prayed for a writ of attachment. Some proceeding appears to have been had, under which they claimed to have garnished R. A. Moore. The latter appeared, and denied all indebtedness to A. Moore, and denied that he held property belonging to him. He admitted that he took possession of a certain stock of goods belonging to A. Moore, but averred that A. Moore was indebted to him, and executed a chattel mortgage upon the property to secure him; that he took possession only under his chattel mortgage; that he afterwards foreclosed the mortgage, and caused the property to be sold, and that the same did not sell for enough to pay the mortgage debt. The plaintiffs took issue upon the answer, setting up, among other things, that the mortgage was fraudulent; that the garnishee was in fact a secret partner with A. Moore, and that the stock was owned by them as partners; and that the mortgage was executed for the purpose of defrauding creditors. There was a trial to a jury, and verdict and judgment were rendered against the garnishee. He appeals.

*Davis, Wells & Russell* and *T. L. Maxwell*, for appellants.

*T. M. Stuart* and *W. O. Mitchell*, for appellees.

ADAMS, J.—I. The plaintiffs, in taking issue upon the answer of the garnishee, averred, among other things, " that on the twenty-eighth day of January, 1882, the plaintiffs sued out a writ of attachment against the goods and chattels and other property of said A. Moore, which said writ was placed in the hands of the sheriff of Adams county, and that by virtue

of said writ the sheriff did, on the twenty-eighth day of January, 1882,      *      *      *      garnish the said R. A. Moore." The garnishee took issue upon this pleading by denying the same. On the trial it does not appear that any writ of attachment was introduced in evidence. The court, nevertheless, in an instruction given, assumed that a writ of attachment was sued out, and that R. A. Moore was garnished under it. The garnishee assigns as error the giving of this instruction. The fact that the writ, if any was issued and served, was not introduced in evidence, does not appear to have been called specifically to the attention of the court. The instruction was, doubtless, given upon the supposition that the writ and return of service thereof had been introduced, or that the issuance and service of the writ had been virtually admitted.

The plaintiffs contend that the instruction can be sustained upon either one of two grounds: In the first place, they say that the garnishee appeared and submitted to the jurisdiction of the court, filing his answer to interrogatories, and asking to be discharged thereon; and they contend that the jurisdiction thus acquired was all that was necessary, and that it was immaterial whether there had in fact been any garnishment or not. But in our opinion the position cannot be sustained. Garnishment is in the nature of a proceeding *in rem.* Drake Attachm., § 452. In all proceedings *in rem*, the thing against which the proceedings are directed must be brought within the jurisdiction of the court by a virtual seizure thereof. In *Desha v. Baker*, 3 Ark., 509, there was an attempted garnishment, but the writ was not legally served. It was held that the garnishment could not be sustained, though the supposed garnishee had answered, admitting an indebtedness. But the plaintiffs contend that there was in fact a garnishment, and that there is enough in the record to show it. The fact that the alleged garnishee asked to be discharged as garnishee they say was a virtual admission that he had been garnished. But in our opinion the

prayer for a discharge cannot be understood as containing an admission. It was merely a prayer to be discharged from alleged liability. And the fact that he based his prayer solely upon allegations which, if true, would show that he was not liable to be charged, even in a valid proceeding, can make no difference. Afterwards, when the plaintiff put his liability in issue, it was his right, if he saw fit, to raise the question of the fact of garnishment. He was not precluded because he did not raise the question sooner, nor because he might have supposed that the alleged proceedings in garnishment were valid. When the fact of garnishment is put in issue, the proper evidence of it is the same as the evidence of any levy, to-wit, the writ and return thereon. *Rock v. Singmaster*, 62 Iowa, 511. In the instruction given, assuming that there was a valid garnishment, we have to say that we think that the court erred.

II. While it appears to us that there was no proper evidence of garnishment, and, if there was no garnishment, the other questions presented in the case could not arise again, yet, as there may have been a garnishment, and as the plaintiffs may be able to show it upon another trial, we have felt called upon to determine a part of the other questions. The plaintiffs, in putting in issue the question of the garnishee's liability, averred "that said R. A. Moore was a silent partner in the business carried on in the name of A. Moore, and had charge and control of the same; that he had an interest in the profits, and received most if not all of the money arising from the sale of the goods." The garnishee moved to strike out the allegations as to partnership and interest in the goods, and receipt of proceeds of sales. The court overruled the motion, and the garnishee assigns the ruling as error. The object of this proceeding was to reach a stock of goods in the the garnishee's hands, which was the stock above referred to.

The averment that the Moores were partners in the business in which the goods were purchased seems to us to be a

remarkable one. If R. A. Moore was a partner, as averred, he was originally liable to the plaintiffs, who sold the goods. We are unable to comprehend why, if this is so, they should undertake to charge him by the indirect proceeding of garnishment. Proof that he was partner would have defeated them. If he held the goods as partner, he could not be held as garnishee on account of them. We suspect, indeed, that they did not expect to establish the fact of partnership. They say in their argument that they only averred the fact as evidence of fraud in taking the mortgage. They seemed to regard the *averment* as worth something for *that purpose*, even though the fact averred, if *proven*, might be fatal to them. It was, of course, not allowable to avail themselves of the averment for the introduction of evidence which might awaken a mere suspicion of fraud, to be used as a make-weight with other evidence. We think, therefore, that the averment should have been stricken out. In this connection we ought to say that our attention is called to the fact that the jury found specially that there was no partnership; and it is insisted that the garnishee was not prejudiced. Possibly, we might not feel justified in reversing upon this ground alone; but, as the case is to be remanded for another trial, it is proper that we should point out what we deem to be error. Besides, among the allegations which the garnishee moved to strike out was one to the effect that he received the proceeds of sales. That did not tend to show fraud in taking the mortgage. Nor was the finding of the jury such that we could say that the error in allowing the allegations to stand was without prejudice.

III. During the argument of the case, it was discovered by the plaintiff that they had omitted to introduce in evidence a certain account-book belonging to A. Moore. The court, upon application, regarding the omission as an oversight, allowed it to be introduced at that time. This book showed a balance of account of about $300 due A. Moore from the garnishee, and it appears to have been due at the

time A. Moore executed to the garnishee a mortgage upon his stock. Strictly, we suppose, this balance should have been ascertained and applied in reduction of the debt for which the mortgage was given, but for some reason this was not done. Upon the introduction of the book, the garnishee asked leave to call A. Moore to .explain the account, which leave the court refused to grant; and the court proceeded to instruct the jury that if A. Moore was insolvent, and the garnishee knew it, and took a mortgage for more than was due him, such fact would be a badge of fraud, and, if unexplained, would justify the jury in finding the mortgage fraudulent.

The garnishee contends that the court erred in refusing to allow him to call A. Moore to explain the book-account. The offer to explain the book-account was a very indefinite one. Still, we think that the court should have allowed the witness to be called. What questions should have been allowed is another thing. It would have been competent to show, if such was the fact, that the mortgage was not executed at the place where the book was, and that it was not practicable to make the proper application upon the debt due the garnishee and balance the book at that time. He claims in argument that he could have shown such fact. The plaintiffs contend that the garnishee was not entitled to show such fact after the book was introduced, because he had an opportunity to show it before. The day before the book was introduced, A. Moore was examined in regard to it, and testified, in substance, that the garnishee owed him $307, and that the same appeared on the book as a balance of account. He was asked by the plaintiffs a question in these words: "*Question.* He was taking your notes here, and a mortgage on your goods for what you owed him, and still, at the same time, he owed you $307? *Answer.* It appears like. that." It seems to be true, then, as the plaintiffs contend, that the essential fact calling for explanation had by this testimony been given in evidence, and by the very witness whom the

McDonald & Co. v. Moore et al.

garnishee asked leave to recall. Still, as the plaintiffs deemed it necessary to put the book itself in evidence, as they did the next day, it is hardly their right now to claim that they did not strengthen their case by so doing; and, if they did strengthen it, we think it was the garnishee's right to give evidence in rebuttal.

We ought to say here that the court ruled the day before that the book, though not then in the court room, nor yet offered in evidence, might be *considered* as in evidence. But it appears that this was understood and treated by the plaintiff as a provisional ruling, to be followed by the actual introduction of the book, and when it was so followed we think it was the garnishee's right to call a witness in rebuttal. The trial court, it is true, has considerable discretion in the matter of the introduction of evidence. We should not. feel justified in reversing every case where we should think the ruling might more properly have been otherwise. But. the point upon which the evidence in question was sought to be introduced was one of such importance, and the irregularity, if any, on the part of the garnishee, was so slight, we think, that his request for leave to call a witness in rebuttal should not have been refused.

Some other questions are presented in this case, in regard to which we might not be agreed, and, as they may not arise upon another trial, we omit to determine them. For the errors pointed out the judgment must be

REVERSED.