## SEARS v. THOMPSON ET AL.

1. **Garnishment:** PLEADING: EQUITABLE ISSUES EXCLUDED. Garnishment is in substance and fact a proceeding *in rem,* and the trial must be by ordinary proceedings, and equitable issues cannot be injected into such a proceeding. Accordingly, where the garnishees had answered that they had taken the property of the attachment defendants under a chattel mortgage and sold it, and had applied the proceeds in payment of their debt to them, it was not competent for the plaintiff to plead facts constitituting an estoppel of the garnishees to allege such indebtedness to them.

72  61
121  709

*Appeal from Cerro Gordo Circuit Court.*

FRIDAY, JUNE 17.

THE facts are stated in the opinion.

*Richard Wilber*, for appellant.

*Ellis & Ellis*, for appellees.

SEEVERS, J.— The appellant caused an attachment to issue against Lewis & Skarie, and caused the appellees to be garnished as the supposed debtors of said partnership. The garnishees answered certain interrogatories propounded to them, and showed that said partnership, being indebted to them and others, executed a chattel mortgage on a stock of goods to secure such indebtedness; that the garnishees had caused the mortgage to be foreclosed, and sold the goods, and applied the proceeds in satisfaction of the mortgage, and that they were not, therefore, in any way indebted to the attachment debtors. The plaintiff filed a pleading, which is designated as a petition, controverting the answer of the garnishees, and afterwards an amendment to such petition was filed, which is claimed to be in equity, and therein certain matters are alleged which, as the plaintiff claims, bar the right of the garnishees to claim under the mortgage, or to appropriate the proceeds of the stock of goods in payment of their debt. The garnishees filed a motion to strike such pleadings, upon several grounds, among which, in substance, is that such cause of action could not be injected into or joined with a proceeding in garnishment. The motion was sustained, and of this ruling the appellant complains.

That the plaintiff could have filed an amended pleading controverting the answers of the garnishees on other and different grounds than were stated in the original pleading, will be conceded; but, as the proceeding in garnishment must be tried as an ordinary proceeding or an action at law, we do not believe any but legal, as distinguished from equitable,

issues can be pleaded and tried therein. The object of a proceeding in garnishment is to subject certain property in the hands of the garnishees to the payment of the indebtedness of another person. In substance and in fact, it is a proceeding *in rem.* Now, it seems to us that the sole issue in such proceeding is whether the garnishee has in his possession property of the supposed debtor which should be applied to the payment of the plaintiff's debt. The pleading designated as an amendment to the petition did not present any such issue, or rather it did not controvert the answers of the garnishees. It concedes the indebtedness secured by the mortgage, but sets up that the garnishee represented that it had been paid, and, relying on such representations, the plaintiff had sold the attachment debtor's goods, and thereby they became indebted to him. This is an independent cause of action, which we do not think can be pleaded or joined with the proceeding in garnishment. *McDonald v. Moore,* 65 Iowa, 171. The court found and determined that the defendants were not liable,—that is, that they were in no manner indebted to the attachment debtors; and, after a careful examination of the evidence, our conclusion is that such finding must be sustained. We do not deem it necessary to set out the evidence, or state the reason upon which our conclusion is based. Such is not our custom. Besides, the finding of the court has the force and effect of a verdict of a jury.

AFFIRMED.