WILLIAM W. SUTHERLAND v. SAMUEL S. BURRILL AND WALTER O. BURRILL, GARNISHEES OF FRANK WILCOX.

*Garnishment—Justices' courts—Disclosure—Evidence.*

1. A garnishee in justice's court is not required to sign his disclosure, nor need it be under oath, unless required by the plaintiff.

2. Under the rules and practice in garnishment proceedings in justice's court, the garnishee is treated as a witness for the plaintiff, who is bound by the disclosure.

3. The minutes of the examination of a garnishee, taken by a justice of the peace under How. Stat. § 8036, are not such a record as imports absolute verity, and, on a trial of the issue framed on the issuance of a summons to show cause, the garnishee may show that the justice failed to take down in such minutes the disclosure actually made.

Error to Saginaw. (Gage, J.) Argued June 11, 1890. Decided July 2, 1890.

Garnishment proceedings. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Wheeler, McKnight & Grant,* for appellant, contended:

1. The disclosure was made on oath, and in writing, and was signed by the party making it, and there can be no dispute about its contents, or what the party really did disclose; citing *Newell v. Blair,* 7 Mich. 103; *Isabelle v. Iron Cliffs Co.,* 57 Id. 120.

*Tarsney & Weadock,* for defendants.

CAHILL, J. The plaintiff, having an uncollected judgment against Frank Wilcox for $206.68, commenced garnishee proceedings against Samuel S. Burrill and Walter O. Burrill before J. W. Thorn, a justice of the peace of Saginaw county. On the return-day of the summons, Samuel S. Burrill, one of the garnishee defendants, appeared, and made and subscribed a disclosure under oath as follows:

"I am one of the garnishee defendants. Walter O. Burrill and myself are copartners. Some time last winter, we employed Frank Wilcox to saw some lumber for us. We were to pay him three dollars per thousand feet. He had sawed some fifty thousand feet for us. We have paid Frank Wilcox fifty dollars towards the work as

saw-bill. We still owe on the sawing of the lumber the sum of one hundred dollars. I made the bargain for sawing the lumber with Mr. Wilcox, and paid him fifty dollars on the contract. I have had nothing to do with any person but Wilcox in this transaction. Wilcox was running the mill, and this was all the money, property, or effects in our hands, or under our control, belonging to the said Frank Wilcox. And further this deponent saith not.

"SAMUEL S. BURRILL.

"Subscribed and sworn to before me this 22d day of May, 1889.

"J. W. THORN,
"Justice of the Peace."

Thereupon a summons was issued, directed to the garnishee defendants, requiring them to appear before the same justice on May 29, 1889, at 1 o'clock in the afternoon, then and there to show cause why judgment should not be rendered against them as garnishee defendants in the suit of *Sutherland v. Wilcox.*

On May 29 the parties appeared in person and by attorneys. Plaintiff declared orally against the defendants on the common counts in *assumpsit*, and in trover. Defendants pleaded the general issue, and gave notice that on the trial they would show that the money stated in the disclosure as owing to Wilcox was in fact owing to Melville G. Gardner, and that such disclosure was made under a mistake of fact. By consent of both parties the case was adjourned from time to time until July 11, 1889, at which time the parties, being present, proceeded to trial. Plaintiff offered in evidence the docket entries of the judgment against Wilcox, also the disclosure of the garnishee defendants, signed by Samuel S. Burrill. Judgment was rendered by the justice in favor of the plaintiff, and against the defendants, for $96 damages and $4 costs.

The case was taken by the defendants to the circuit

court by *certiorari*, and the judgment was alleged to be erroneous upon the following grounds:

" 1. That the justice erroneously refused and rejected the testimony of this deponent and other witnesses offered to said justice showing that this deponent and Walter O. Burrill, while indebted to somebody in the sum of one hundred dollars, that such indebtedness was not due at the time of the trial thereof.

"2. That said justice erroneously refused to permit this deponent, through his attorney, to offer proof upon the trial of said cause of the statements made by deponent in his disclosure, which were not minuted by said justice.

" 3. That said justice erroneously refused to permit this deponent to prove what the true disclosure was as made before said justice.

" 4. This deponent further says that he is advised and believes that the said justice erred in not permitting this deponent to prove in his own behalf, and that of his co-defendant, that the entire disclosure minuted by said justice, and taken down by him in writing, and made a part of this record, was not the whole of the statement made or disclosure by this deponent, upon which this action is made; and further this deponent saith not."

On a hearing in the circuit court the judgment of the justice's court was reversed, and the plaintiff brings the case to this Court by writ of error.

The first point in the affidavit of the defendants, upon which error is assigned, is contradicted by the justice's return. We are not at liberty to go behind the return of the justice.

To the second allegation of error the justice returns that he did refuse to permit the defendants to show that the disclosure, as written out by the justice and signed by the garnishee, was not the disclosure as actually made. In this the justice was in error. The statute requires the justice to take minutes of the examination of the garnishee defendants, and file the same with the other papers in the cause. The garnishee is not required to sign the disclosure. It is not required to be under

oath, unless the plaintiff requires it to be.   Under the rules and practice in such cases, the garnishee is treated as a witness for the plaintiff.   The latter is bound by the disclosure, and cannot dispute or contest the truth of it; but the minutes of the justice are not such a public record as imports absolute verity, and, there is no reason why the garnishee may not show on the trial that the justice has failed to take down in his minutes the disclosure actually made.

The judgment of the circuit court is affirmed, with costs.

The other Justices concurred.