6	13
13	633

[No. 708. Decided March 1, 1893.]

PETER TIMM, *Respondent*, v. D. STEGMAN *et al.*, *Defendants*, AND A. HEMRICH, *Appellant*.

PROCEEDINGS SUPPLEMENTARY — GARNISHMENT — PRACTICE — APPEAL.

In garnishment proceedings supplementary to execution it is unnecessary that the affidavit filed as a basis for the order summoning a garnishee should state that execution had been issued against the judgment debtor.

On appeal from a judgment against a garnishee in such proceed-
ings, the fact that execution was issued against the principal debtor
should appear in the statement of facts, as it is a jurisdictional mat-
ter that the garnishee has no right to waive.

Judgment against a garnishee is unwarranted where it appears
from the evidence that he signed a promissory note in his own
name in favor of the principal debtor, but that his liability thereon
was in fact as a trustee for others; that the note was not due; and
that it was in the hands of a third party not before the court.

*Appeal from Superior Court, Pierce County.*

*Parsons & Corell,* and *Blaine & De Vries,* for appellant.
*Heilig & Hartman,* and *W. H. Reid,* for respondents.

The opinion of the court was delivered by

Scott, J.— Respondent Peter Timm obtained a judg-
ment against D. Stegman, Samuel S. Loeb and John Frazier
in the superior court of Pierce county, and the appellant
was summoned to appear and answer, under §§ 524 and
525, Code Proc., relating to proceedings supplementary to
execution.    Judgment was rendered against the appellant
in said proceedings, and he alleges that the same was er-
roneous: First, Because the affidavit which was filed as a
basis for the order summoning him to appear did not state
that an execution had been issued upon the judgment.    We
do not think it is necessary that the affidavit should state
that an execution had been issued.    The statute provides
that after the issuing or return of an execution, etc., upon
proof by affidavit or otherwise to the satisfaction of the
judge, that any person or corporation has any property of
said judgment debtor, or is indebted to him in an amount
exceeding fifty dollars, the judge may require such person,
or an officer of the corporation, to appear, at a time and
place specified, before him, or a referee appointed by him,
and answer concerning the same.    The affidavit required
only goes to the proof of indebtedness to, or possession of,

property of the judgment debtor. The judge would take judicial knowledge of the fact that an execution had been issued in his own court, and it would be unnecessary to make proof of that fact by affidavit. But in the statement of facts in this case it does not appear that an execution had been issued, and the judge certifies that all the material facts in relation to such proceedings are contained in such statement. An essential fact necessary to the jurisdiction of the court in this matter was the rendition of a valid judgment against the principal debtor, and the issuance of an execution thereon. Otherwise the court had no jurisdiction to make the order requiring the appellant to appear, and the appellant had no right to waive a jurisdictional matter in the premises. Such proceedings are *in rem*, whereby the execution creditor seeks to subject the property of the execution debtor to the satisfaction of his debt, and the requirements of the statute necessary to bring such property within the jurisdiction of the court must be complied with. *McDonald v. Moore*, 65 Iowa, 171 (21 N. W. Rep. 504).

At the hearing held in pursuance of such order the appellant testified as follows:

"Q. Mr. Hemrich, do you owe Mr. D. Stegman anything on a note or otherwise? If so, state fully. A. I signed a note for Stegman as trustee for the brewers here; not individually.

"Q. How much was that note for? A. It was for $6,500 with $2,000 paid, which left a balance due on the note of $4,500.

"Q. How much do you still owe on that note? A. $4,500.

"Q. When was it due? A. On the fifteenth of February, 1892.

"Q. Do you remember, Mr. Hemrich, when that note was made whether there was anything said about its being made to Stegman, personally, or to Stegman's order? A. I was under the impression at that time that something was

said about it to be made to Stegman. Whether it was or not, I don't know. I don't want to swear to this point, because I am not positive about it.

"Q. Do you remember when this note was given, Mr. Hemrich? A. I can't state; it was done at the same time this note was made.

"Q. Do you identify that note? A. Yes, sir; it is my signature.

"Q. Was that note made to Stegman in all respects similar to this? A. I can only identify my own hand writing. I did not read the note, only so far as the amount, and could not swear whether it was negotiable or not. We spoke of it at the time it should be so. Whether it was made out that way or not, I don't know.

"Q. Where is that note now, if you know? A. It was in the hands of one Trounce.

"Q. Can you state, Mr. Hemrich, whether that note was a negotiable or non-negotiable note, definitely? A. No, I cannot state positively.

"Q. And that is the only matter upon which you are indebted to Mr. Stegman in any way. A. Yes, sir.

"Q. And that is as trustee. A. As trustee for a number of persons.

"Q. Mr. Hemrich, did you sign that note as trustee, or sign it in your individual capacity? A. There was nothing upon the note to show that it was signed as trustee; only my individual name appears upon the note. There is nothing on the note to indicate that it was done as trustee."

There was no such admission in the testimony as would warrant the rendition of a judgment against the appellant. Before such a judgment can be rendered it must clearly appear that the person summoned has property belonging to the judgment debtor, or that he is indebted to him. In this case it did not appear that Mr. Hemrich owed this debt individually, although he signed the note individually, but he claimed that his liability thereon was as a trustee for others. Furthermore, it appears that the note was not then due (his testimony was given January 23, 1892), and that

it was not in the hands of the judgment debtor, but in the hands of a third party not before the court. Upon this testimony the court had no authority to render any judgment against the appellant.

The judgment is reversed.

DUNBAR, C. J., and ANDERS and STILES, JJ., concur.

HOYT, J., concurs in the result.