THOMAS THEISON v. W. J. BROWN.

(Filed July 6, 1901.)

**SERVICE OF GARNISHEE SUMMONS.** Section 4080, Revised Statutes of Oklahoma, 1893, provides that the garnishee summons shall be served in the manner provided for service of summons. Section 3938 relating to the service of summons provides that the service shall be by delivering a copy of the summons to the defendant in person, or by leaving one at his usual place of residence, at any time before the return day; hence a copy of the garnishee summons left at the usual place of residence of the garnishee defendant, is a good and sufficient service.
(Syllabus by the Court.)

*Error from the Probate Court of Canadian County; before*

*W. H. Grigsby, Probate Judge.*

*Forrest, Lowe & Challer,* for plaintiff in error.

*Cotteral & Hornor,* and *W. L. Baxter,* for defendant in error.

STATEMENT OF FACTS.

This was an action commenced in the probate court of Canadian county, by the defendant in error, against the plaintiff in error, as a garnishee. On the 25th day of April, 1900, the defendant in error filed his petition in the probate court of Canadian county, against one J. E. Warren, asking judgment on a promissory note, executed by said Warren for $125 with interest thereon. On the 25th day of May, 1900, W. L. Baxter, attorney for the plaintiff below, filed in the probate court an affidavit showing the non-residence of said defendant, Warren, and on the 28th day of June, 1900, filed in said court an affidavit and notice of publication. On the day of the original summons, W. L.

Baxter, as attorney for plaintiff, filed a sworn statement praying for garnishee process against the plaintiff in error, Thomas Theison. Garnishee summons was issued, delivered to the sheriff, and the sheriff's return on said process was that service was made by leaving a copy at the usual place of residence of said garnishee; the plaintiff in error, on the 25th day of April, 1900. On the 5th day of July, 1900, neither Warren nor Theison appearing, the court rendered judgment against Warren as principal, and against Theison as garnishee. On October 15, 1900, Theison, the plaintiff in error, appeared in the probate court, and asked that the judgment rendered against him be vacated. The court overruled said motion, and directed that judgment for $145.75 and costs stand against plaintiff in error, to which ruling the plaintiff in error excepts, and brings the case here for review.

Opinion of the court by

IRWIN, J.: Several assignments of error are made by the plaintiff in error, for reversal of this case, but in the brief and argument of counsel for plaintiff in error, but two points are discussed. First, the court erred in rendering judgment against the garnishee in the first instance; and second, should have sustained the motion to vacate.

Counsel's first point, and the only one urged, as a reason why the judgment against the ganishee was wrong, is that the service of summons upon the garnishee was not sufficient, because it was made by leaving a copy at his usual place of residence. Counsel argues that a service upon a garnishee can only be made by delivering a copy of the summons to him or his attorney in person. We do not under-

stand, or we fail to see the force of this argument, when we consider it in connection with the statute. Section 4080 of the Revised Statutes of 1893, in providing for the service of a garnishee summons, and how it shall be served, makes this provision: "In the manner provided for service of summons." Section 3938, which relates to the service of an ordinary summons, provides that: "The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day." Now in the case of an ordinary summons there is two ways in which a legal service may be made. One by delivering a copy to the defendant personally; the other by leaving one at his usual place of residence, at any time before the return day. Either one of these methods is prescribed by the statute, and defined to be a good and valid service. It is true, as counsel say, that the statute directs that service must be made upon a garnishee or his attorney of record, but this particular statute does not prescribe how the service shall be made, but merely names the person upon whom the service may be made. The clause quoted above describes the method, namely, that it shall be the same as in a case of an ordinary summons, which every lawyer knows may be made by delivering a copy personally to the defendant, or by leaving it at his usual place of residence.

The next proposition urged by counsel is that the court erred in rendering judgment against the garnishee, for the reason that the affidavit for publication was insufficient. Counsel in their argument say that the paper, meaning the affidavit, in controversy, contains all the essentials except the venue. That seems to mean that the affidavit is suf-

ficient in every particular except that; that is, they allege it fails to state the venue. Many respectable authorities hold that the venue is not necessary to the validity of an affidavit. (*State v. Henning,* [S. D.] 54 N. W. 536; *Young v. Young,* 18 Minn. 90; *Wood v. Blythe,* 46 Wis 650.) But we do not think it necessary to discuss the proposition, as to whether the venue was necessary to the validity of the affidavit in question or not, as we think a reference to the affidavit itself will show that the venue was clearly stated therein. The affidavit in question is headed as follows:

"TERRITORY OF OKLAHOMA, COUNTY OF CANADIAN—ss.

"*In the Probate Court of said County.*

"*W. J. Brown, Plaintiff, v. J. E. Warren, Defendant.*

"W. L. Baxter, being first duly sworn on his oath states, etc."

Why this affidavit does not show the venue is more than we can understand. The only purpose of the venue is to show that the person administering the oath is in his jurisdiction. It appears from this affidavit that it was made in Canadian county, Oklahoma Territory, before the probate court of said county, and the jurat subscribed to before the probate judge, and it seems to us that this affidavit clearly and unmistakably stated the venue, and as these are the only reasons urged by the plaintiff in error for a reversal of the case, it seems unnecessary to discuss the case further. It is true that counsel allege that there was not evidence sufficient to sustain the finding of the court below, but under the well recognized rule laid down in this court, that where there is evidence which reasonably tends to sustain either the verdict of a jury, or the finding of the court below, this court will not disturb the finding.

We have examnied the transcript, and can find no error therein. For this reason the judgment of the probate court is affirmed.

All the Justices concurring.