## BROOKS v FIELDS *et al.*

No. 228. Opinion Filed January 11, 1910.

(106. Pac. 828.)

1.  **GARNISHMENT—Answer—Waiver of Oath.** Where the statute directs, as it does in this state, that the garnishee shall answer by affidavit, the plaintiff has a right to demand that the garnishee answer under oath, but, if he does not require it, an answer without oath is sufficient.

2.  **GARNISHMENT—Notice of Issue — Judgment.** When an answer under oath is waived, an unverified answer in garnishment to the effect that the garnishee "has in his possession the sum of $5.20 due the said defendant" and a notice in writing in due time to the effect that the plaintiff elects to take issue on such answer, as provided by section 4382, Wilson's Rev. & Ann. St. Okla. 1903, state facts sufficient to join an issue of fact as between the plaintiff in the principal case and the garnishee, and it is error to render judgment without a trial on such pleadings against the garnishee.

3.  **GARNISHMENT—Answer of Garnishee—Trial of Issue—Judgment in Principal Action.** Under section 4385, Wilson's Rev. & Ann. St. Okla. 1903, such a proceeding against a garnishee must be deemed to be an action by the plaintiff against the garnishee, and, when the garnishment is not in aid of an execution, no

Brooks v. Fields *et al.*

trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action.

(Syllabus by the Court.)

*Error from District Court, Logan County; John H. Burford, Judge.*

Action by Nat. J. Fields against Frederick Schwartz, with summons in garnishment against J. M. Brooks. From a judgment against the garnishee, he brings error. Reversed and remanded.

*Devereux & Hildreth,* for plaintiff in error.—Citing: *Pence v. Durbin,* 1 Idaho, 550; *Ruch v. Jones,* 33 Mo. 393; *Hoopes v. Implement Co.,* 45 Kan. 553; *Greenfield v. Steamer Gunnell,* 6 Cal. 67; *Champ v. Kendrick,* 130 Ind. 549; *Kirby v. Corning,* 54 Wis. 599.

*C. G. Hornor,* for defendants in error.

KANE, C. J. The action out of which the question before this court for determination grew was commenced by one Fields against one Schwartz to recover the sum of $144.08, balance alleged to be due him for salary. Fields filed an affidavit in garnishment, stating, in effect, that J. M. Brooks is indebted to and has personal property in his possession and under his control belonging to said defendant. Upon this affidavit summons in garnishment was served upon Brooks, whereupon in due time he answered, omitting the caption, as follows:

"Comes the Garnishee, J. M. Brooks, and states for his answer that he has in his possession the sum of five dollars and 20-100 dollars due the said defendant."

This answer was unverified. Thereafter, in due time, the plaintiff joined issue upon this answer. Omitting the caption, it is in words and figures as follows:

"Notice is hereby given to J. M. Brooks, the garnishee in the above-entitled action, that the said plaintiff, Nat J. Fields, elects to take issue on the answer of the said garnishee in said action."

No further action was taken in the garnishment proceeding

until judgment was rendered in the main case, whereupon on the same day and at the time of the rendition of said judgment, to wit, on the 2d. day of February, 1906, this court, upon demand of the plaintiff and without any appearance on the part of the garnishee, entered judgment against the garnishee in the sum of $65, together with costs of the garnishment proceedings. The grounds of entering judgment against the garnishee as disclosed by the journal entry of judgment were that it appeared that said garnishee had not filed any affidavit as garnishee, and that his answer was insufficient. On the same day that this judgment was rendered against him the garnishee filed the following affidavit:

"James M. Brooks, being duly sworn, says: That he was served as garnishee in this action, and that he filed an answer thereto. That affiant swore to said answer, and, if it fails to show a jurat, it is not the fault of this affiant. That affiant has in his hands belonging to the defendant $5.20. That he has in hands for board, in cash, which was left with him before the garnishment was served, the sum of $18.00, which was contracted by the plaintiff, and which the plaintiff ordered him to pay. That he had in his hands $4.00 to pay for the drayage on the baggage, for which affiant is responsible; for the State Capital $7.00, for which he is responsible; $1.00 for the Leader. That said money was placed in affiant's hands for the specific purpose for paying the above bills before the garnishment was served. That affiant has no other property or thing of value in his hands belonging to the defendant."

This affidavit was treated by the court as a motion to set aside the judgment, and on the 21st day of October, 1907, the same was overruled, whereupon on the same day the garnishee filed his motion for a new trial, which was also on the same day overruled, and for good cause shown the court allowed said garnishee 90 days in which to make and serve a case-made on appeal to the Supreme Court, with 10 days thereafter to the plaintiff to suggest amendments, said case-made to be signed and settled on 5 days' notice by either party to the other. The garnishee completed, served, signed, and settled his case-made

in due time, and commenced this proceeding in this court to reverse the judgment entered against him as aforesaid.

It may be conceded that the plaintiff had the undoubted right to demand that the garnishee answer under oath, especially as the statute so directs, but such is merely the plaintiff's privilege, and, if he does not require it, an answer without oath is sufficient. *Empire Car Roofing Co. v. Macey,* 115 Ill. 390, 3 N. E. 417; *Plant & Son v. Mutual Life Ins. Co.,* 92 Ga. 636, 19 S. E. 719; *Sutherland v. Burrill,* 82 Mich. 13, 45 N. W. 1122; *Roberts & Co. v. Landecker,* 9 Cal. 262. In the case at bar the plaintiff elected to join issue with the garnishee upon his answer without requiring him to make an answer under oath, as required by statute. We think this was a waiver of his right to have the answer sworn to. Under section 4382, Wilson's Rev. & Ann. St. Okla. 1903, the answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, unless the plaintiff shall within 20 days serve upon the garnishee a notice in writing that he elects to take issue on his answer, in which case the issue shall stand for trial as a civil action, in which the affidavit on the part of the plaintiff shall be deemed the petition, and the garnishee's affidavit the answer thereto. This was the condition of the case when judgment was rendered against the garnishee. It stood before the court for trial in all particulars as a civil action.

Section 4500, Wilson's Rev. & Ann. St. Okla. 1903, provides that a "trial docket shall be made out by the clerk of court, at least twelve days before the first day of each term of the court, and the actions shall be set for particular days in the order hereinafter stated, and so arranged that the cause set for each day shall be tried as nearly as may be on that day," etc. This was never done in the case at bar. So far as the record shows, the garnishee never had any notice that the cause was set for trial, or that it would be tried at that term. Moreover section 4385, Wilson's Rev. & Ann. St. Okla. 1903, provides that, when the garnishment is not in aid of an execution, no

trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action.

The state of the pleadings creating an issue between the plaintiff and the garnishee, the question now arises: What was the scope of the issue thus raised? Ordinarily the issue is whether the garnishee is chargeable upon any ground upon which the plaintiff in instituting the proceedings attempted to charge him, and is not confined to the matter contained in the garnishee's answer. *Sears v. Thompson et al.,* 72 Iowa, 61, 33 N. W. 364. The plaintiff may show that the garnishee is chargeable by reason of facts denied or not mentioned in the disclosure. *Davis et al. v. Mendenhall,* 19 Minn. 149 (Gil. 113); *Fearey v. Cummings,* 41 Mich. 376, 1 N. W. 946. There is no presumption that the garnishee was liable. His liability must be made to appear by his disclosure or otherwise. *Union Pacific Ry. Co. v. Gibson,* 15 Colo. 299, 25 Pac. 300; *Church v. Simpson et al.,* 25 Iowa, 408; *Edney v. Willis et al.,* 23 Neb. 56, 36 N. W. 300; *Timm v. Stegman et al.,* 6 Wash. 13, 32 Pac. 1004. The burden rests upon the plaintiff to prove by a preponderance of the evidence all the facts on which he relies to charge the garnishee. *Dawson v. Iron Range & H. B. R. R. Co.,* 97 Mich. 33, 56 N. W. 106; *East Line & R. R. R. Co. v. Terry,* 50 Tex. 129; *Padden et al. v. Moore et al.,* 58 Iowa, 703, 12 N. W. 724. And, if he fails in this, the party must be discharged. *Gordin v. Moore,* 62 Miss. 493; *Laschear v. White,* 88 Ill. 43; *Givens v. Taylor, Hart & Co.,* 6 Tex. 315.

If the foregoing authorities state the law correctly, there can be little doubt that the court below committed error in rendering judgment against the garnishee, and the only question now remaining is: Is the affidavit filed by the garnishee, indorsed, "Motion to set aside judgment," and the ruling of the court thereon, sufficient to present to this court for review the error committed by the court below? We think it is. That such a motion was the proper method of raising the question is quite apparent from a consideration of the statutes. The third ground upon which a trial court may vacate or modify its own

judgments is: "For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order." Section 6094, Comp. Laws Okla. 1909. Section 6095 provides, in part, that:

"The motion to vacate a judgment, because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term."

The motion in this case was filed in ample time, and, as the order overruling it was appealed from within one year from its rendition, the question presented is properly before the court. As to form and substance, the court below treated it as sufficient, and it seems to us it would be keeping the word of promise to the ear and breaking it to the heart to say that that court treated it as a motion to set aside the judgment against the garnishee upon any other ground than the ground on which the court ruled against him, to wit, "that the said garnishee has not filed any affidavit herein as garnishee, and that his answer herein is insufficient." From the state of the record there can be no doubt that this was the identical question argued upon the motion to set aside the judgment against the garnishee, and that the only reason that the motion was overruled was that the court was of the opinion that his ruling was right, and not that the motion did not raise the question. This affidavit was evidently prepared and filed by the garnishee himself. He had a right to appear for himself, and the court very properly treated the motion as sufficient, and did not rule against him on account of its inartificiality. Moreover, proceedings in garnishment are not in the ordinary course of the common law. They involve consequences that would not otherwise occur in law or equity, and often compel the garnishee to submit to the expense of a suit in which he has no interest, and which he might be saved but for the garnishment. The proceedings should be governed by equitable principles, to the end that no unwarranted vexation or expense be inflicted upon the garnishee. And the courts will protect him from the payment of another's debts unless under the law he is clearly liable.

The judgment of the court below is reversed, with directions to grant a new trial upon the issues raised in the garnishment proceedings.

All the Justices concur.