FIRST NAT. BANK OF ELK CITY v. HUFF *et al.*

No. 488.   Opinion Filed March 8, 1910.

Rehearing Denied October 31, 1911.

(118 Pac. 582.)

GARNISHMENT—Answer—Judgment on Pleadings—Waiver of Motion.
  In garnishment, not in aid of execution, garnishee answered and plaintiffs moved for judgment on the pleadings. Pending said motion, plaintiffs served notice on the garnishee, pursuant to Wilson's Rev. & Ann. Stats. of Okla., sec. 4382, that they elected to take issue on the answer. Held, a waiver of said motion, and that the court erred in subsequently sustaining it and rendering judgment against the garnishee without a trial of the issues of fact arising between the plaintiffs and the garnishee on such pleadings.

(Syllabus by the Court.)

*Error from District Court, Roger Mills County; G. A. Brown, Judge.*

Action by Walker Huff and W. T. Bonner against E. E. Coffey, with summons in garnishment against the First National Bank of Elk City. Judgment for plaintiffs, and garnishee brings error. Reversed and remanded with directions.

*R. E. Echols* and *W. B. Merrill,* for plaintiff in error.

*D. W. Tracey,* for defendants in error.

TURNER, J.   On August 13, 1907, Walker Huff and W.

T. Bonner, defendants in error, sued E. E. Coffey in the district court of Roger Mills county for $1,582, the purchase price of some cattle they theretofore shipped him and for which, it is alleged, he refused to pay. On the same day, they filed their affidavit in garnishment, stating in effect, that the First National Bank of Elk City, plaintiff in error, was indebted to and had in its possession, or under its control, real and personal property belonging to defendant. Upon this affidavit, summons in garnishment issued and was served on said garnishee, which it later answered. On August 29, 1907, defendant filed answer, in effect a general denial. , After much pleading, garnishee, by leave of court, on January 29, 1908, filed an amended answer, and, in effect, admitted indebtedness to defendant in the sum of $532.86 at the time of the service of the summons in garnishment, but alleged that since that time plaintiff and defendant had, by collusion, fraud, and deceit, induced garnishee to pay said money to defendant, who paid it to plaintiffs, and hence denied any indebtedness to him, and asked to be discharged.

On February 6, 1908, plaintiffs filed motion for judgment on the pleadings, against the garnishee, true in point of fact:

"That the amended answer of said garnishee does not negative its liability to defendant, does not state that it has now and had at the time of the service of garnishment summons herein no real estate and no personal property, effects, or credits in its possession or under its control belonging to the principal defendant or in which he has an interest. And on this they pray the judgment of the court."

—And on the next day filed notice to take issue, pursuant to Wilson's Rev. & Ann. Stats., sec. 4382, on the garnishee's amended answer, as follows:

"The First National Bank of Elk City, Oklahoma, the above-named garnishee, will take notice that the above-named plaintiffs elect to take issue on said garnishee's amended answer as garnishee filed herein, that they will maintain it, the said garnishee to be liable as garnishee; that said garnishee will also take notice that said plaintiffs will maintain that all of said amended answer of garnishee is untrue, and that at the time the garnishment was served upon said garnishee, it

held in its possession and under its control and was indebted to the principal defendant in the sum of eighteen hundred dollars; that if said sum of money did not appear on the books of said garnishee as due said principal defendant, the said garnishee had, by fraud with intent to cheat and defraud plaintiffs and the said principal defendant, appropriated said money to some use which it was not authorized to make; that said money is, and has been since the same was placed in the possession of said garnishee, at all times the property of said principal defendant. And of this the said defendant will also take notice."

On June 9, 1908, the cause coming on to be heard, in the garnishment proceedings in the main case, the court sustained said motion for judgment on the pleadings, and "gave judgment against said garnishee  *  *  *  on said motion," to which it excepted. Whereupon, both plaintiffs and defendant announced ready for trial, waived a jury, and defendant, by counsel, confessed judgment, and the same was rendered in favor of plaintiffs and against both defendant and garnishee for $1,660 and costs. And it was ordered that payment of the same by either should operate as a discharge of  the  other.  The  garnishee brings the case here by petition in error and case-made, and assigns that the court erred in sustaining plaintiffs' motion and rendering judgment on the pleadings, because, it says, the same was waived, in that, while the same was  yet  undetermined, plaintiffs filed their notice under the statute to take issue on its answer.

Assuming, but not deciding, that a motion for judgment on the pleadings is proper practice under this special proceeding, it has been held that such a motion is equivalent to a demurrer to the pleading at which it is leveled. *Cobb v. William Kenefick Co.,* 23 Okla. 440, 100 Pac. 545. It has also been held that if, after demurrer, and while it is pending, another pleading is filed raising an issue of fact on the merits, the demurrer is waived. 6 Ency. Pl. & Pr. 380; *Ryndak v. Seawell,* 13 Okla. 737, 76 Pac. 170; *Tecumseh Bank v. Maddox,* 4 Okla. 583, 46 Pac. 563. We are, therefore, of opinion that garnishee's point is well taken, that said motion for judgment on the pleadings was waived, and

that the court erred in sustaining it and rendering judgment. That being the case, the status of the pleadings here are substantially the same as in *Brooks v. Fields, et al.*, 25 Okla. 427, 106 Pac. 828. In that case Fields sued one Schwartz to recover a balance alleged to be due him for salary and filed an affidavit in garnishment, stating, in substance, that one Brooks was indebted to and had personal property in his possession and under his control belonging to said defendant. Summons in garnishment was served on Brooks, who answered:

"Comes the garnishee, J. M. Brooks, and states for his answer that he has in his possession the sum of $5.20 due the said defendant."

The answer was unverified. In due time plaintiff joined issue thereon, as follows:

"Notice is hereby given to J. M. Brooks, the garnishee in the above-entitled action, that the said plaintiff, Nat J. Fields, elects to take issue on the answer of the said garnishee in said action."

Later, on demand of plaintiff, but without a formal motion for judgment on the pleadings, the court rendered judgment against the garnishee for $65. The ground upon which the judgment was predicated was that the garnishee had not filed an affidavit as such and that said answer was insufficient. The trial court, on proper showing, refused to set the judgment aside. On appeal, this court, in effect, held that verification of the answer of the garnishee had been waived; that the court erred in so entering judgment; that the issues formed by the answer of the garnishee and plaintiff's notice to take issue thereon should have gone to a jury; and in the syllabus said:

"When an answer under oath is waived, an unverified answer in garnishment to the effect that the garnishee 'has in his possession the sum of $5.20 due the said defendant' and a notice in writing in due time to the effect that the plaintiff elects to take issue on such answer, as provided by section 4382, Wilson's Oklahoma Statutes, state facts sufficient to join an issue of fact as between the plaintiff in the principal case and the garnishee, and it is error to render judgment, without a trial on such pleadings, against the garnishee."

The motion to dismiss has been heretofore overruled by this court. For the error complained of, the case is reversed, and remanded, with directions to the trial court to set aside the judgment and proceed to trial upon the issues taken on the answer.

All the Justices concur.