## WALLACE v. DUKE.

No. 3628. Opinion Filed July 28, 1914.

Rehearing Denied October 20, 1914.

(142 Pac. 308.)

1. **GARNISHMENT—Issuance of Writ Before Judgment—Right.**
A creditor may have the aid of garnishment process, before judgment in a suit based on a contract, and not sounding in damages, by taking the steps required by statute.

2. **APPEAL AND ERROR—Change of Contention—Invited Error.**
A litigant will not be permitted to try a case in the lower court upon a distinct theory, and then in this court change theories and complain of an action of the court which he has invited.
(Syllabus by Brewer, C.)

*Error from District Court, Logan County;*

*A. H. Huston, Judge.*

Action by Dr. John W. Duke against John N. Wallace. Judgment for plaintiff, and defendant brings error. Affirmed.

*Milton Brown* and *G. A. Erixon,* for plaintiff in error.

*C. G. Hornor,* for defendant in error.

Opinion by BREWER, C. Dr. John W. Duke, the defendant in error, brought this suit to recover from John N. Wallace, the plaintiff in error, the sum of $625, alleging an "account stated" in that sum. The defendant, Wallace, after pleading a general denial, set up the defense that he was under no obligation to pay anything to plaintiff, for the reason that plaintiff's services had been of no value, were negligently and unskillfully performed, and had resulted in damage to the patient, defendant's wife. A general denial was filed for a reply. At a trial had to a jury a verdict was rendered for the plaintiff in the sum of $450, and judgment was entered accordingly. After the suit was filed, and prior to judgment, an affidavit and bond was filed and a writ of garnishment issued. The garnishee answered, admitting the indebtedness, and was thereafter charged as garnishee.

The facts, briefly summarized, are that defendant's wife, who appears to have been afflicted with periodical insanity, was brought to plaintiff's private sanitarium at Guthrie, and received medical attention, nursing, board and lodging for over six months; that bills for $100 per month were rendered from time to time, and no objections as to the amount was made, and, after the patient left the sanitarium, the total bill was sent to defendant in the sum of $625. It does not appear that any definite contract was made, at the time the patient was received, as to the amount to be charged for giving her care and attention.

There are 45 specific assignments of error set out in the brief, but the argument seems to be confined to two or three propositions. The first one we will notice is the claim that garnishment

process would not lie in this case under the statute; the position taken being that as this is merely a suit to recover a debt on an account stated, and is not an "action to recover damages founded upon contract, express, or implied, or upon judgment or decree," there is no statutory authority or foundation for the writ. No authority is cited to sustain this contention, which in fact is that a man who sues for damages, where the amount due him, if any, is unliquidated and uncertain, is entitled to the aid and benefit of a garnishment, while a man who sues on a promissory note, an account stated, or an open account, where the amount due him is liquidated, cannot have the benefit and aid of garnishment process. If the contention of plaintiff in error is true on this point, we apprehend that it would be astounding to the legal profession. We do not think the contention sound. So far as we know, it has never been made before, and a long line of cases have been brought to, and decided by, this court where garnishment process was had before judgment in suits on notes, accounts, and other kinds of contracts. Such is the situation in the following cases: The case of *Barton v. Spencer,* 3 Okla. 270, 41 Pac. 605, involved a garnishment proceeding before judgment in a suit founded upon an open account; in the case of *Theison v. Brown,* 11 Okla. 118, 65 Pac. 925, the suit was on a promissory note; in *F. F. Co. v. Vaughn,* 18 Okla. 14, the suit was for money had and received; in *Brooks v. Fields et al.,* 25 Okla. 427, 106 Pac. 829, the suit was for salary; in *Badger Lumber Co. v. Rhodes,* 26 Okla. 262, 109 Pac. 302, the suit was on a promissory note; and in *First National Bank v. Huff,* 29 Okla. 157, 118 Pac. 582, the suit was to recover the contract price in a sale of cattle. In these and many other cases both in this state and in Kansas, from where the garnishment statutes originally came, the right to the aid of the writ of garnishment issued before final judgment in cases resting purely in contract has been sustained. It is true this statute is somewhat uncertain and ambiguous, but it would take more than a mere uncertainty or doubtful language to cause us now even to seriously consider overturning a rule so universally upheld for so many years.

The next principal contention of the plaintiff in error is that the court erred in submitting to the jury and permitting a recovery on the theory of *quantum meruit*. The point is made that plaintiff sued for a specific amount, claiming that the transaction between them had ripened into an account stated in the sum claimed, and that therefore the plaintiff should stand or fall upon the fact of whether or not the account had become an account stated. This contention likewise cannot be sustained. . It is true the plaintiff claimed in his petition that the amount for medical services and hospital attendants had become due as an account stated, but the defendant did not merely deny this, but by his answer put in issue, not only whether the account had become "stated," but also whether or not the services rendered were of any value; and proof was offered, without objection by either side, as to the reasonable value of the services rendered; and, further, the defendant asked that the jury be instructed that the amount in suit was "claimed to be due for medical services, and that the rules governing what is technically termed an 'account stated' do not apply in this case."

The defendant will, as has often been held by this court, not be allowed to depart from the theory upon which the case was tried in the lower court, and thus escape the obligation of what appears to be a most just and meritorious judgment.

We have examined the case with care, and have no doubt but that the plaintiff was entitled to a larger judgment than he received and that therefore the cause should be in all things affirmed.

By the Court: It is so ordered.