**Lonnie B. STALCUP and Wanda L. Stalcup, husband and wife, Plaintiffs in Error,**

v.

**F. A. EASTERLY and Glenna Mae Easterly, husband and wife, Defendants in Error.**

No. 38559.

Supreme Court of Oklahoma.

Feb. 16, 1960.

Rehearing Denied April 19, 1960.

Simpkins & Simpkins by Loy M. Simpkins, Elk City, for plaintiffs in error.

Wise & Ivester, Sayre, for defendants in error.

BERRY, Justice.

The parties who occupy the same relative positions here as in the trial court, will be referred to herein as they appeared in the trial court.

Plaintiffs sold city property to defendants. As of date of sale the property was subject to an insured FHA and a GI loan. It was provided in the deed from plaintiffs to defendants, and in a contract entered into in connection with the sale, that defendants assumed and agreed to pay the referred-to loans. Defendants failed to timely satisfy the provisions of the loans and the mortgages securing the loans were foreclosed. The proceeds of the sale based upon judgment foreclosing the mortgages were insufficient to satisfy the loan obligations. A judgment determining the amount of the deficiency was never entered in the foreclosure proceedings. In their answer defendants admitted that the deficiency was

in the amount for which plaintiffs sought judgment.

Plaintiff, Lonnie B. Stalcup, as a veteran received benefits from the United States. It was stipulated that by force of Federal statutes the United States government was empowered to satisfy the referred-to deficiency out of benefits that Lonnie B. Stalcup was entitled to receive. The plaintiffs, however, elected to pay the deficiency. The stipulation of facts reads in part as follows:

"9. That this legal right and obligation which the Veterans Administration had was capable of being enforced against these plaintiffs and thereby placed these plaintiffs under an obligation to pay the Veterans Administration all sums due it regardless of the fact that no Motion for Deficiency Judgment was filed in Cause No. 12,878. That this plaintiff, being under such a legal obligation and duty, made payment of the entire sum to stop the running and accumulation of interest."

\*  \*  \*  \*  \*  \*

"15.  \* \* \* That at the time of the foreclosure in Cause No. 12,878, the plaintiff, Lonnie B. Stalcup, had certain insurance with the Veterans Administration and that subsequent to the foreclosure, he was entitled to receive insurance dividends. That the Veterans Administration refused and withheld the pension payments and the insurance dividends from the plaintiff, Lonnie B. Stalcup, and applied them to the amount which the plaintiff, Lonnie B. Stalcup, owed to the Veterans Administration, as a result of the failure of the defendants herein to fulfill their obligation. That the Veterans Administration continued to withhold pension payments and insurance dividends until these plaintiffs, in order to stop the running of interest, paid the Veterans Administration in full."

Following payment of the deficiency, plaintiffs instituted this action to recover the amount thereof. Their action is based upon defendants' breach of the agreement to pay the loans.

The sole question presented is whether the provisions of 12 O.S.1951 § 686, applies. The pertinent portions of said section read as follows:

"In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgment or judgments shall be rendered for the amount or amounts due as well to the plaintiff as other parties to the action having liens upon the mortgaged premises by mortgage or otherwise, with interest thereon, and for sale of the property charged and the application of the proceeds  \* \* \* Notwithstanding the above provisions no judgment shall be enforced for any residue of the debt remaining unsatisfied as prescribed by this Act after the mortgaged property shall have been sold, except as herein provided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct.  \* \* \* Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus costs and disbursements of the action plus the amount owing on all prior liens and encumbrances with interest, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage

debt and no right to recover any deficiency in any action or proceeding shall exist."

Following trial of case to the court, the court dismissed plaintiffs' action. The dismissal was apparently based upon the proposition that the provision of the cited statute applied to plaintiffs' action and that plaintiffs therefore could not recover because the amount of the deficiency had not been reduced to judgment in the foreclosure proceeding. From order denying plaintiffs' motion for new trial, plaintiffs perfected this appeal.

This is a case of first impression in this Court. The parties have not cited a case where the issue presented by this appeal was directly considered and our research has not led us to such a case.

The legal relationship that resulted from the assumption agreement in controversy and the nature of plaintiffs' action against defendants upon breach of their agreement to pay the secured loans bears upon the construction that should be placed on Sec. 686, supra.

It is stated in the first paragraph of the syllabus to State ex rel. Com'rs of Land Office v. Pitts, 197 Okl. 644, 173 P.2d 923, 924, that "Where a mortgagor conveys mortgaged land to a grantee who assumes and agrees to pay the mortgage, the relationship between the grantee and grantor is that of principal and surety, the grantee becoming the principal obligor of the mortgage debt and the grantor his surety." See also 59 C.J.S. Mortgages § 416c, p. 606.

In Johnson v. Davis, 146 Okl. 170, 293 P. 197, it is pointed out in the third paragraph of the syllabus that "Where a mortgage debt forms a part of the consideration for the purchase of land, the purchaser is bound to indemnify the mortgagor upon his payment of the debt." In the body of the opinion it is stated that "the defendant (grantee) was liable as on a contract on indemnity. Plaintiff's (grantors') cause of action against defendant did not accrue to him until he had paid the deficiency judgment on the mortgage debt."

See also 59 C.J.S. Mortgages § 417(b), p. 609 and 37 Am.Jur. "Mortgages", Sec. 1007, p. 336.

It follows that (1) plaintiffs did not have a cause of action against defendants until plaintiffs paid the deficiency and (2) plaintiffs' cause of action was based upon defendants' breach of agreement to pay the loans in controversy and not upon the mortgage contracts. This is a situation that, in our opinion, is not covered by Sec. 686, supra.

The cited section, by express language, is directed to "actions to enforce a mortgage, deed of trust, or other lien or charge." Plaintiffs did not have an action against defendants to enforce the mortgages nor one to enforce a lien or charge. To the contrary their action is for damages resulting from defendants' breach of the contract to pay the loans. Moreover, that portion of said section which treats with deficiency judgment is, by express language, directed to a person who has occasion to seek confirmation of the sale. This would be the mortgagee or lien holder. We are referring to this language: "Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale, the party to whom such residue shall be owing" obviously applies to the mortgagee and not the mortgagor.

We are of the opinion that Comstock v. Drohan, 8 Hun 373, affirmed 71 N.Y. 9, tends to support the conclusion reached in the instant case. The pertinent facts in the cited case and the law applied to said facts appear from the following quoted syllabus taken therefrom:

"The plaintiff conveyed a lot to the defendant subject to a mortgage, which the latter assumed and agreed to pay. In an action to foreclosure the mortgage, to which the plaintiff, but not the defendant, was made a party, a judgment for deficiency was entered against and subsequently paid by the plaintiff. In an action brought by him to recover the amount so paid, held, that section

153 of 2 Revised Statutes (Edm. ed.), page 199, providing that no proceedings shall be had at law for the recovery of a debt secured by a mortgage after a decree has been entered in an action to foreclose the same, unless authorized by the court, did not apply to an action upon a covenant such as formed the subject of the present action."

We are of the opinion that under the facts of the instant case Sec. 686, supra, is not applicable and for said reason plaintiffs' action should have been considered on its merits.

Reversed and remanded for new trial.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON and JACKSON, JJ., concur.

BLACKBIRD and IRWIN, JJ., concur in result.