2009 OK CIV APP 23

**DISCOVER BANK (Discover Card) by SA Discover Finance Service, L.L.C., Plaintiff/Appellant,**

v.

**Richard COX, Defendant,**

**G. Dwain Cowdin, Garnishee/Appellee.**

**No. 105900.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 15, 2008.

Stephen L. Bruce, Richard S. Winblad, Brandi L. Dotson, M. Brooke Holman, Stephen Bruce and Associates, Edmond, Oklahoma, for Plaintiff/Appellant.

Vera Aktansel, Norman, Oklahoma, and Joanne Bryant Horn, Midwest City, Oklahoma, for Garnishee/Appellee.

CAROL M. HANSEN, Judge.

¶ 1 Plaintiff/Appellant, Discover Bank (Creditor), seeks review of the trial court's order denying it judgment against Garnishee/Appellee, G. Duane [1] Cowdin (Garnishee), and releasing Garnishee from garnishment. We affirm because the trial court's order is not contrary to law.

¶ 2 Creditor filed a garnishment against Garnishee, alleging Garnishee was indebted to Creditor's judgment debtor, Defendant Richard Cox (Debtor). Garnishee answered, stating,

---

1. Although Garnishee's name was spelled "Duane" throughout parties' filings below, the trial court used the spelling "Dwain" in its order, resulting in the caption on appeal perpetuating the misspelling.

Garnishee is obligated to [Debtor] for monthly mortgage payments of approximately $1,147.00 under a Contract for Deed. This is the only financial obligation which said Garnishee owes to [Debtor]. By agreement, said mortgage payments are paid directly to the mortgage companies which hold the first and second mortgages on the real estate which Garnishee is purchasing from [Debtor]. If said mortgage payments are not made, the real estate foreseeably would go into foreclosure, and said Garnishee would risk the loss of his real estate investment, i.e., the purchase of the home in which he and his wife reside.

Garnishee sought a declaration the payments were not subject to garnishment. Creditor took issue with Garnishee's answer, arguing Garnishee was obligated to make the monthly contract payments to Creditor.

¶3 Creditor moved for summary judgment, asserting the facts were not in dispute. Creditor argued Garnishee's payments under the contract were Debtor's earnings and benefitted Debtor by reducing his liability on the mortgages. Creditor sought judgment for the garnished payments.

¶4 In response, Garnishee argued his agreement to purchase the real estate subject to the mortgages and to make the mortgage payments resulted in his being deemed to have assumed the mortgages even though he did not expressly assume them. Therefore, he was bound to make the payments to the mortgage companies rather than to Debtor. He argued enforcement of the garnishment would be inequitable because it would result in foreclosure of the property and the loss of his investment.

¶5 The trial court ruled in favor of Garnishee, finding Garnishee was liable to Debtor but had agreed to discharge the indebtedness by making the payments on the mortgages securing the real property that was the subject of the contract for deed. It found enforcement of the garnishment probably would result in default of the mortgages and therefore enforcement of the garnishment would be inequitable. The trial court denied Creditor's motion for summary judg-ment and ordered Garnishee released from the garnishment.

¶6 Creditor appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct.R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1. It contends the trial court erred in applying equitable considerations to excuse Garnishee's compliance with the garnishment summons, in preferring one of Debtor's creditors over another, and in finding potential damage to Garnishee was a defense to enforcement of the garnishment summons.

¶7 Because a ruling on a motion for summary judgment involves purely legal determinations, we will review the trial court's decision under a de novo standard. *Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051, 1053.

¶8 Garnishment proceedings are governed by equitable principles, to the end that no unwarranted vexation or expense be inflicted upon the garnishee. *Brooks v. Fields,* 1910 OK 3, 25 Okla. 427, 106 P. 828, 830. Under the doctrine of equitable conversion, a contract for sale of real property vests an equitable estate in the buyer, while legal title remains with the seller as security for the purchase price. *First Mustang State Bank v. Garland Bloodworth, Inc.,* 1991 OK 65, 825 P.2d 254, 257. Until the contract's completion, the buyer's interest is subject to destruction by failure to make the necessary payments. *Id.* at 258. When the grantee of mortgaged land agrees to assume and pay the obligation secured by the mortgage, the grantee becomes the principal obligor of the mortgage debt and the grantor his surety. *Stalcup v. Easterly,* 1960 OK 39, 351 P.2d 735, 736. This relationship of principal and surety arises by operation of law upon assumption of indebtedness. 72 C.J.S. *Principal and Surety* § 38 (2005).

¶9 In the present case, Garnishee has agreed to pay the mortgage debt secured by the real property in which he holds an equitable interest. Therefore, he has become the principal obligor on that debt and the relationship between Garnishee and Debtor is that of principal and surety. As principal, Garnishee does not owe a present debt to Debtor as surety unless Garnishee defaults

on the principal obligation. Therefore, Garnishee's mortgage payments may not be reached by Debtor's creditors. The trial court properly released Garnishee from Creditor's garnishment.

¶ 10 The trial court's judgment is AFFIRMED.

ADAMS, P.J., and JOPLIN, J., concur.