2012 OK CIV APP 89

**DISCOVER BANK, Plaintiff/Appellant,**

v.

**Kimberly R. BARNES, Defendant,**

and

**Arbonne International, Garnishee/Appellee.**

No. 109843.

Court of Civil Appeals of Oklahoma, Division No. 2.

July 27, 2012.

Stephen L. Bruce, Richard S. Winblad, Brandi L. Dotson, Susan Lynn Willard, Everette C. Altdoerffer, April D. Frago, Stephen Bruce and Associates, Edmond, Oklahoma, for Plaintiff/Appellant.

Leasa M. Stewart, Gable Gotwals, Oklahoma City, Oklahoma, for Garnishee/Appellee.

DEBORAH B. BARNES, Presiding Judge.

¶ 1 Plaintiff/Appellant Discover Bank (Discover) appeals the trial court's Order filed on August 4, 2011, granting summary judgment in favor of Garnishee/Appellee Arbonne International (Arbonne), and the trial court's Order filed on October 7, 2011, awarding costs and attorney fees to Arbonne. Based on our review of the record and applicable law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Discover filed a petition on June 10, 2009, seeking judgment against Defendant Kimberly R. Barnes (Barnes) for unpaid credit card charges. The petition states that Barnes "entered into an agreement referred to as a 'Discover Card Agreement' with [Discover] whereby [Discover] agreed to extend a revolving line of credit to [Barnes] for cash advances or the purchase of goods and services." [1] Discover claimed that Barnes defaulted pursuant to the terms of the agreement and "is currently indebted to [Discover] for charges ... in the sum of $7329.90." Discover sought

> judgment against [Barnes] in the amount of $7329.90, with interest thereon at the rate of 29.9900% per annum from 04/01/2009 and costs of this action including a reasonable attorney's fee. [Discover] further requests an order directing the Oklahoma Employment Security Commission to produce employment information of the judgment debtor(s) pursuant to 40 O.S. § 4–508(D).

¶ 3 After Barnes failed to file an answer or otherwise respond, a judgment was filed on August 3, 2009, in favor of Discover and against Barnes:

> in the amount of $7329.90, with pre and post-judgment interest thereon at the contract rate of 29.9900% per annum from 04/01/2009 until paid and costs of this action together with a reasonable attorney's

fee of $1465.98, and such post-judgment costs and fees as allowed by law for all of which let execution issue. [2]

¶ 4 At the time of the judgment, Barnes was earning monthly commission checks from Arbonne for the sale of its cosmetic products. [3] On September 29, 2009, Arbonne received a continuing earnings garnishment summons from Discover. [4] Arbonne asserts the summons merely arrived at its offices on this date and was not properly served. Arbonne asserts that not until November 11, 2009, did the proper employee at Arbonne receive the summons and agree to respond.

¶ 5 The continuing garnishment states in part that Arbonne is "directed to withhold the amount calculated on the answer form or the present judgment balance, whichever is less. . . ." It states in part that Arbonne is to

> withhold and continue to withhold and pay to [Discover's] attorney the amounts calculated on the answer form from [Barnes's] earnings as they accrue until one of the following first occurs: (1) the total earnings withheld equals the total balance due on the judgment, (2) the employment relationship is terminated, (3) the judgment is vacated, modified or satisfied in full, (4) the garnishment summons is dismissed, or (5) 180 days have elapsed from the date of service of the garnishment summons. . . . This summons may also be suspended or modified for a specific period of time within the effective period of the garnishment by agreement of the parties in writing and filed with the clerk of the court. [5]

¶ 6 Arbonne mailed a letter dated February 23, 2010, to Discover and the trial court wherein it states that it responded to the garnishment summons on November 23, 2009. Arbonne states in this letter that "[w]e have no idea why the [November response was] not received by the Court or [Discover's] counsel." Arbonne states in the letter that it

---

1. R., Tab 1.

2. R., Tab 2.

3. *See, e.g.,* R., Tab 11, Exhibit B.

4. R., Tab 22, p. 3.

5. R., Tab 17, Exhibit B.

provided notice to [Barnes] of the Garnishment action and, having received no response from her, began withholding funds from her commission checks beginning with the check for commission pay period ending November 30, 2009, as stated in the response. Thereafter, however, we were contacted by [Discover's] counsel, who stated that, because the Order was served on Arbonne [on September 29], an additional amount should be garnished for the October commissions. Arbonne notified [Barnes] in writing of this, and garnished an additional amount for the October earned commissions. A check for both of those amounts, together with an accounting showing how it was calculated, is enclosed with this letter (to [Discover's] counsel only). In addition, [Barnes's] commissions have been further garnished for the pay periods ending December 31, 20[10] and January 31, 2010. A check for those amounts, together with an accounting showing how it was calculated, will be sent directly to [Discover's] counsel as soon as it has been issued. Arbonne will continue to comply with the Garnishment and Order until the debt has been repaid in full, or until expiry of the Garnishment Summons, whichever occurs first.

Please note that the delay in providing the first payment check is due to the fact that Arbonne and its parent company filed for Chapter 11 Bankruptcy protection on January 27, 2010, and only recently received approval from the Bankruptcy Court to release operational funds, including the amounts that had previously been garnished.[6]

¶ 7 In April of 2010, Discover filed a "Notice of Election to Take Issue with Garnishment Answer," wherein it argued:

it appears that [Arbonne's] answer [i.e., the letter from Arbonne dated February 23, 2010] was inaccurate or incomplete and that [Arbonne] should have withheld the entire balance of [Discover's] judgment in the amount of $10,754.52 from [Barnes's] earnings in compliance with the garnishment summons, since [Barnes] as an independent contractor was not entitled to the 75% exemption for wages provided by 31 O.S. Section 1. Further, [Arbonne] should have withheld from the sums paid to [Barnes] on September 30, 2009 since the garnishment was served on September 29, 2009.[7]

¶ 8 Arbonne continued to garnish Barnes's commission earnings at 25% pursuant to the amounts calculated on the answer form.[8] Barnes filed for Chapter 13 Bankruptcy on May 28, 2010. On the same date, Arbonne filed a continuing garnishment answer,[9] which indicates the following payments to Barnes and garnished amounts to Discover:

| Month | Barnes's Gross Earnings | Amount Garnished |
| --- | --- | --- |
| October 2009 | $ 4,330.98 | $1,082.75 |
| November 2009 | $ 4,901.55 | $1,225.39 |
| December 2009 | $ 4,287.06 | $1,071.77 |
| January 2010 | $ 4,015.71 | $1,003.93 |
| February 2010 | $ 3,808.20 | $ 952.05 |
| March 2010 | $ 5,703.37 | $1,275.84 |
| April 2010 | $ 5,519.65 | $1,379.91 |
| **TOTALS** | $32,566.52 | $7,991.64 |

¶ 9 Arbonne calculated the amount to be garnished from Barnes's May 2010 commissions (25% of Barnes's commission earnings in May) and sent a check to Discover's counsel in the amount of $1,135.52. However, Discover's counsel returned the $1,135.52 check to Arbonne along with a letter dated June 30, 2010, containing the following message addressed to Arbonne's "Managing Officer": "Enclosed please find a garnishment check for $1135.52. We received this check after [Barnes's] account was closed in our office. Please refund the garnishment payment to [Barnes] as soon as possible. It is

---

6. R., Tab 17, Exhibit D.

7. R., Tab 17, Exhibit F.

8. R., Tab 17, Exhibit G.

9. R., Tab 17, Exhibit G.

not necessary to send any more funds in this case." [10]

¶ 10 On August 27, 2010, Discover filed a motion for relief from the automatic stay that had gone into effect as a result of Barnes filing for bankruptcy in May of 2010.[11] Pursuant to an order of the United States Bankruptcy Court for the Western District of Oklahoma filed on February 12, 2011, the automatic stay was terminated as to the post-judgment continuing garnishment action against Arbonne.[12]

¶ 11 On March 4, 2011, Discover filed a motion for summary judgment seeking judgment against Arbonne "in the sum of $5,717.81 (which is the current balance of the judgment) with interest, costs and a reasonable attorney's fee." [13] Discover stated that "[t]his action is based upon the failure of [Arbonne] to comply with a garnishment summons that ordered it to withhold earnings from [Barnes] and to pay those funds to [Discover]." [14] Arbonne filed a response and cross-motion for summary judgment, arguing that summary judgment should be granted in its favor because it has fully complied with the garnishment summons. Arbonne also argued that the relief requested by Discover "is prohibited by the Uniform Consumer Credit Code," Discover abandoned the garnishment, and Discover's garnishment action against Arbonne has been discharged in bankruptcy.[15]

¶ 12 In an Order filed on August 4, 2011, the trial court granted summary judgment in favor of Arbonne "on [Discover's] garnishment action . . . ." The trial court further stated that Arbonne "is relieved of any further

obligation under the subject garnishment and is entitled to reasonable attorney's fees and costs of this action as provided by law, to be awarded upon the appropriate application."

¶ 13 Arbonne filed a motion for attorney fees and costs on August 16, 2011.[16] Arbonne sought attorney fees pursuant to "12 O.S. § 1190(B)(1)," and asserted that it had incurred attorney's fees in the amount of $25,667.50. In an Order filed on October 7, 2011, the trial court found "that attorney fees and costs should be awarded to [Arbonne] as a prevailing party in the summary judgment action between [Discover] and [Arbonne]" pursuant to § 1190(B)(1). Alternatively, the trial court stated it had discretion to award attorney fees pursuant to § 1190(C). The trial court awarded Arbonne costs in the amount of $189, and attorney fees in the amount of $8,750.[17]

¶ 14 From the August 4, 2011 Order granting summary judgment in favor Arbonne, and the October 7, 2011 Order awarding costs and attorney fees to Arbonne, Discover appeals.

## STANDARD OF REVIEW

■ ¶ 15 In garnishment proceedings "[t]he court shall render such judgment in all cases as shall be just to all of the parties and shall properly protect their respective interests . . . ." 12 O.S.2011 § 1182. Ordinarily, "[i]n a garnishment proceeding, there is a presumption in favor of the trial court's finding and the judgment will be affirmed unless the findings are clearly against the weight of

10. Tab 20, Exhibit 1.

11. R., Tab 17, Exhibit H.

12. R., Tab 17, Exhibit H.

13. R., Tab 17 (from the concluding statement in Discover's motion for summary judgment, which lacks page numbers).

14. R., Tab 17 (from the first page of Discover's motion for summary judgment, which lacks page numbers).

15. R., Tab 20, p. 1. Discover subsequently filed a combined reply and response motion, R., Tab 21, and Arbonne filed a reply motion, R., Tab 22.

16. R., Tab 30.

17. The trial court determined the amount of attorney fees as follows:

Taking into account the amount in controversy, novelty of issues or lack thereof, the time to gather documents; contents of the pleadings; the appearances relating solely to the Motion for Summary Judgment, Settlement of Journal Entry and Attorney Fee Motion, it is the Court's opinion that a reasonable amount of time spent preparing and prosecuting the case on behalf of Garnishee is thirty-five (35) hours resulting in a reasonable attorney fee of Eight Thousand Seven Hundred Fifty Dollars ($8750.00).

the evidence." *Spears v. Preble,* 1983 OK 8, ¶ 21, 661 P.2d 1337, 1342 (footnote omitted).

¶ 16 However, as occurred in this case, a garnishment proceeding

> may be decided by summary process resulting in a post-judgment order where it appears there is no dispute as to any identified material fact or inference to be drawn therefrom and all material facts are stipulated or otherwise established. These legal rulings are reviewable *de novo,* independent of and without deference to the trial court.

*O'Neill v. Long,* 2002 OK 63, ¶ 9, 54 P.3d 109, 112 (footnotes omitted). Therefore, "as in summary disposition cases generally, we will affirm only if we determine that 'there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Ultra Thin, Inc. v. Lane,* 2009 OK CIV APP 31, ¶ 7, 210 P.3d 872, 874–75 (quoting *Lowery v. Echostar Satellite Corp.,* 2007 OK 38, ¶ 11, 160 P.3d 959, 963).

¶ 17 Whether a party is entitled to a statutory attorney's fee is a legal question. *Finnell v. Seismic,* 2003 OK 35, ¶ 7, 67 P.3d 339, 342. Legal questions are reviewed *de novo,* without deference to the trial court's legal rulings. *Id.*

## ANALYSIS

### I. Abandonment of the Garnishment

¶ 18 In this case, involving a dispute between a garnishor and a garnishee, we are guided by the following principles:

> [P]roceedings in garnishment are not in the ordinary course of the common law. They involve consequences that would not otherwise occur in law or equity, and often compel the garnishee to submit to the expense of a suit in which [it] has no interest, and which [it] might be saved but for the garnishment. The proceedings should be governed by equitable principles, to the end that no unwarranted vexation or expense be inflicted upon the garnishee. And the courts will protect [the garnishee]

from the payment of another's debts unless under the law [it] is clearly liable. *Brooks v. Fields,* 1910 OK 3, ¶ 10, 106 P. 828, 830. *See also Discover Bank v. Cox,* 2009 OK CIV APP 23, ¶ 8, 281 P.3d 248 ("Garnishment proceedings are governed by equitable principles, to the end that no unwarranted vexation or expense be inflicted upon the garnishee.").

¶ 19 This case involves a continuing garnishment summons. A continuing garnishment summons is a lien that attaches to subsequent nonexempt earnings until, among other things, the summons is dismissed. 12 O.S. Supp.2004 § 1173.4(G)(4).[18] The garnishment summons in this case similarly states, in part, that Arbonne is to "withhold and continue to withhold and pay to [Discover's] attorney the amounts calculated on the answer form from [Barnes's] earnings as they accrue until one of the following first occurs: ... (4) the garnishment summons is dismissed...."

¶ 20 Furthermore, a garnishment is a type of attachment—i.e., it is an attachment of the property, goods, chattels, credits, and effects belonging to the debtor in the hands of a third person. *Berry–Beall Dry Goods Co. v. Adams,* 1922 OK 326, ¶ 0, 211 P. 79, 79 (Syllabus by the Court). *See also Butler v. Breckinridge,* 1967 OK 177, ¶ 10, 442 P.2d 313, 315 ("In this State a garnishment is a species of attachment."). "An attachment may be abandoned in many ways, as by ... an act or omission wholly inconsistent with the right to assert the existence of the same." *Overton v. Sigmon Furniture Mfg. Co.,* 1915 OK 415, 151 P. 215, 217 (On Petition for Rehearing). *See also Leger Mill Co., Inc. v. Kleen–Leen, Inc.,* 1977 OK 64, ¶ 40, 563 P.2d 132, 138 (where a lienholder's affirmative conduct showed it considered another party to be responsible for payments and not the party against whom it was asserting a lien, this inconsistent conduct resulted in waiver of the lien); 6 Am.Jur.2d *Attachment and Garnishment* § 403 (2012) ("Before an attachment lien will be deemed to have been abandoned, there must be some

---

18. Title 12 O.S. Supp.2004 § 1173.4(G)(4) is renumbered in the 2011 statutory compilation as

12 O.S.2011 § 1173.4(G)(2).

affirmative act or conduct of the creditor inconsistent with the continuance of the lien.").[19] Accordingly, a garnishor's act or omission, if wholly inconsistent with its right to assert a garnishment, may constitute an abandonment of the garnishment.

¶ 21 Here, Discover sent Arbonne a letter dated June 30, 2010, addressed to Arbonne's "Managing Officer," which, in pertinent part, informed Arbonne that "[Barnes's] account was closed in our office," and "[i]t is not necessary to send any more funds in this case."[20] Almost one year later, in March of 2011, Discover filed a "Motion for Summary Judgment on Garnishee" in an attempt to collect the full amount sought in the garnishment summons, plus interest, costs and attorney fees. We conclude Discover abandoned the garnishment in this case by an affirmative act wholly inconsistent with the right to assert the existence of the same.

¶ 22 Discover asserts that the letter was actually an effort by Discover's counsel to avoid violating the bankruptcy automatic stay, "as [Barnes] had filed bankruptcy shortly prior to the June 30, 2010 letter being sent to [Arbonne]."[21] However, the letter contains no mention of a bankruptcy filing by Barnes or of an automatic stay. Because the letter does not contain any such information, the permanent nature of the statements in the letter that the "account was closed," and "[i]t is not necessary to send any more funds in this case," is unambiguous.

¶ 23 Garnishment proceedings are governed by equitable principles, to the end that no unwarranted vexation or expense be inflicted upon the garnishee. *Brooks* at ¶ 10, 106 P. at 830; *Discover Bank*, 2009 OK CIV APP 23 at ¶ 8, 281 P.3d 248. We conclude that Discover abandoned the garnishment by its own affirmative conduct and that it would constitute an unwarranted vexation or expense to require Arbonne to pay additional amounts in this case following the June 30 letter. Therefore, we conclude the trial court properly granted summary judgment in favor of Arbonne.[22]

## II. Costs and Attorney Fees

¶ 24 Having found the trial court properly granted summary judgment in favor of Arbonne, we must determine whether the trial court erred by granting Arbonne costs and attorney fees pursuant to 12 O.S.2011 § 1190. Oklahoma follows the American Rule concerning the recovery of attorney fees, which provides that each litigant pay for legal representation and that courts are without authority to assess attorney fees in the absence of a specific statute or contract. *Crutchfield v. Marine Power Engine Co.*, 2009 OK 27, ¶ 26, 209 P.3d 295, 304.

> Exceptions to this rule are narrowly defined because attorney fee awards against the non-prevailing party have a chilling effect on open access to the courts. For an award of attorney fees to be authorized under a particular statute, the authorization must be found within the strict confines of the statute. Exceptions to the American Rule are usually crafted to encourage the conservation of judicial resources by promoting settlement and discouraging unnecessarily protracted litigation or frivolous claims.

*Id.* (footnotes omitted).

¶ 25 The specific statute of relevance to this case is 12 O.S.2011 § 1190, which provides in pertinent part as follows:

> B. 1. In case of the trial of any issue between the judgment creditor and any garnishee, costs shall be awarded to the judgment creditor and against the garnishee, in addition to the garnishee's liability, if the judgment creditor recovered more

---

19. In addition, a "[w]aiver is the surrender or relinquishment of an existing right" which "may be effected voluntarily by an affirmative act by one having authority indicating an intention to waive...." *Federal Life Ins. Co. v. Whitehead*, 1918 OK 324, ¶ 29, 174 P. 784, 790.

20. Tab 20, Exhibit 1.

21. R., Tab 21, p. 13.

22. Having found that the garnishment was abandoned and that, on this basis, the trial court's grant of summary judgment was proper, we need not address the remaining arguments raised on appeal that pertain to the issue of whether summary judgment was properly granted.

than the garnishee admitted by the garnishee's answer; and if the judgment creditor does not, the garnishee shall recover costs from the judgment creditor. The costs shall include a reasonable attorney fee to be taxed in favor of the prevailing party.

. . . .

C. In all other cases under this article not expressly provided for, the court may, in its discretion, award costs in favor of or against any party.

■■■ ¶ 26 We first turn to the issue of whether attorney fees and costs were properly granted pursuant to § 1190(B)(1). As articulated by the Oklahoma Supreme Court in *Crutchfield*, § 1190(B)(1):

provides that, in a trial of a garnishment action, if a judgment creditor recovers more than a garnishee had admitted in its answer, the judgment creditor shall be awarded reasonable attorney's fees and costs as the prevailing party. Otherwise, the garnishee shall be awarded reasonable attorney's fees and costs as the prevailing party.

*Crutchfield*, ¶ 28, 209 P.3d at 305. The Court further stated that § 1190(B)(1) is not ambiguous and, therefore, rules of statutory construction need not be employed to discern its meaning. *Id.* ¶ 30, 209 P.3d at 305. "The provision plainly provides that in a trial of a garnishment action, either the prevailing judgment creditor or the prevailing garnishee is entitled to an award of attorney fees and costs." *Id.* ¶ 30, 209 P.3d at 305–06 (footnote omitted).

¶ 27 Discover argues Arbonne cannot be awarded attorney fees if the garnishment summons is deemed to have been voluntarily dismissed by Discover. Even assuming the summons was voluntarily dismissed, however, Discover's argument, and the cases it cites, pertain not to the definition of a prevailing party pursuant § 1190(B)(1), but to the definition of a prevailing party pursuant to 12 O.S.2011 § 936.[23] Discover's argument does not address the unambiguous language of § 1190(B)(1), and it is without weight in our determination of whether § 1190(B)(1) is applicable.

¶ 28 Discover also argues it *did* recover more than Arbonne admitted in its February 23, 2010 answer and that, therefore, Arbonne cannot be awarded attorney fees and costs as the prevailing party pursuant to § 1190(B)(1).[24] Discover asserts that, although Arbonne stated in its answer that it intended to withhold some amounts in compliance with the garnishment summons, it did not admit to any specific amount. Discover argues Arbonne should, therefore, be deemed to have admitted that $0 were to be garnished from Barnes's monthly commission earnings. Discover argues that because it recovered more than $0, and in fact recovered a total of $7,991.64, it did not recover less than Arbonne admitted in its answer and Arbonne cannot be found to be the prevailing party pursuant to § 1190(B)(1).

■■■ ¶ 29 Although Arbonne did not explicitly set forth the amount of the garnishment summons in its February 23, 2010 answer, it stated, "Arbonne will continue to comply with the Garnishment and Order until the debt has been repaid in full, or until expiry of the Garnishment Summons, whichever occurs first." [25] The garnishment summons clearly sought the total amount of $10,754.42.[26] By Arbonne's agreement to fully comply with the garnishment summons, we conclude that the amount "the garnishee

<hr>

23. Furthermore, while it is true that, as set forth above, Discover abandoned the garnishment by communicating to Arbonne in the June 30, 2010 letter that the "account was closed" and "[i]t is not necessary to send any more funds in this case," Discover *subsequently filed* a "Motion for Summary Judgment on Garnishee" in March of 2011, attempting once again to collect the full amount sought in the garnishment summons, plus interest, costs and attorney fees. The attorney fees and costs awarded by the trial court pertain to the litigation expenses accumulated by Arbonne following Discover's March 2011 motion for summary judgment, and no costs or attorney fees were awarded to Arbonne for expenses accumulated prior to what Discover calls, for purposes of its argument, a voluntary dismissal.

24. R., Tab 31, p. 3.

25. R., Tab 17, Exhibit D.

26. R., Tab 17, Exhibit B.

[i.e., Arbonne] admitted by [its] answer," for purposes of construing § 1190(B)(1), was the full amount sought in the garnishment summons. Therefore, Discover recovered less ($7,991.64) than the amount admitted, pursuant to a reasonable reading, in Arbonne's answer ($10,754.42).

¶30 Under the specific circumstances presented, the abandonment of the garnishment effectuated by the June 30 letter does not render § 1190(B)(1) inapplicable. Discover failed to recover more than Arbonne admitted in its answer, and Arbonne is the prevailing party pursuant to § 1190(B)(1). Therefore, the trial court properly awarded attorney fees and costs to Arbonne.[27]

## CONCLUSION

¶31 We affirm the trial court's Order granting summary judgment in favor of the garnishee, Arbonne, because the garnishor, Discover, abandoned the garnishment by an act wholly inconsistent with the right to assert the garnishment. Moreover, it would constitute an unwarranted vexation or expense to require Arbonne to pay additional amounts. We also affirm the trial court's Order awarding costs and attorney fees to Arbonne as proper pursuant to 12 O.S.2011 § 1190(B)(1).

¶32 **AFFIRMED.**

FISCHER, C.J., and WISEMAN, J., concur.

**27.** Therefore, we need not determine whether the trial court had authority to award attorney fees pursuant to its alternate basis— § 1190(C). We also need not determine whether the amount of attorney fees awarded was reasonable because Discover does not contest the *amount* of attorney's fees on appeal, and Arbonne has not challenged the amount of the award on appeal. *See* Petition in Error, Exhibit C—Issues to be Raised on Appeal.