OSCN Found Document:PARSON v. FARLEY et al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 PARSON v. FARLEY et al.
2025 OK CIV APP 10
Case Number: 122308
Decided: 03/12/2025
Mandate Issued: 04/17/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2025 OK CIV APP 10, __ P.3d __

 

CARL PARSON, individually and as Personal Administrator for the Estate of Hubert Leon Farley, Plaintiff/Appellee,
vs.
DON FARLEY; CDF, INC., an Oklahoma Corporation; FAR-PRO, LLC; SANDY FARLEY; CHRISTOPHER DON FARLEY; MELINDA KAY FARLEY; CHARMAGNE PEREZ, an Oklahoma resident; CIMARRON PROPERTIES, INC., an Oklahoma Corporation; and JOHN DOES, individuals or entities, KELLYVILLE HISTORICAL MUSEUM, INC. and CHASE FARLEY, Defendants.

APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA

HONORABLE SUE NIGH, TRIAL JUDGE

REVERSED AND REMANDED

Wilfred K. Wright, Jr., WRIGHT LAW, PLC, Claremore, Oklahoma, For Plaintiff/Appellee

Mark Ramsey, Jacob R. Daniel, Colton G. Scott, TAYLOR FOSTER MALLETT DOWNS RAMSEY & RUSSELL, Claremore, Oklahoma, For Defendant/Appellant

THOMAS E. PRINCE, JUDGE:

¶1 Defendant/Appellant, Cimarron Properties, Inc. ("Cimarron") appeals an Order on Plaintiff's Garnishment. Plaintiff/Appellee, Carl Parson, issued a garnishment to Cimarron in an attempt to satisfy judgments owed to him and to the estate of Hubert Leon Farley. Cimarron objected to the garnishment and a hearing was subsequently held approximately three years later at which time the trial court ordered Cimarron to comply and make monthly payments to Mr. Parson pursuant to the terms of a promissory note. After a review of the law, the record, and the Parties' briefs, we find that the Order of the trial court should be REVERSED. It was error for the trial court to enter a continuing general garnishment and it was error for the trial court to find that Cimarron should have been on notice that there was a fraudulent assignment of the promissory note.

BACKGROUND

¶2 The instant action was commenced by Mr. Parson on January 24, 2020, asserting various claims against Defendants. Cimarron was not initially named in the suit. Mr. Parson alleged that he was entitled to collect two money judgments from the Defendants in two counties in Oklahoma (Rogers County and Sequoyah County). Mr. Parson's various claims allegedly justified the collection action, including a claim to pierce the corporate veil, reverse piercing the corporate veil, fraudulent transfer, fraudulent concealing of assets, and civil conspiracy among the Defendants. Mr. Parson alleged that he obtained a total of four judgments

¶3 Mr. Parson filed an Amended Complaint on November 25, 2020, adding Cimarron as a Defendant. Mr. Parson alleged that CDF, Inc. owned and operated Cimarron Mobile Home Park in Mannford, Oklahoma. He additionally alleged that, while litigation was pending in Sequoyah County, Mr. Farley caused CDF, Inc., to transfer and convey real property and/or ownership of the Cimarron Mobile Home Park to close family members of Mr. Farley's and/or another entity, Cimarron Properties, Inc. ("Cimarron"). Mr. Parson alleged that, despite the transfer of assets from CDF, Inc. to Cimarron, Mr. Farley still controlled the Cimarron Mobile Home Park. In response, Cimarron denied Mr. Parson's allegations and raised claims of its own against Mr. Parson.

¶4 While the instant litigation was pending, Mr. Parson filed a Garnishment Affidavit

That I believe that Cimarron Properties, Inc. is indebted to or has property, including money owed to CDF, Inc. or payments to CDF, Inc. and Far-Pro, LLC in its possession or under its control, which is not by law exempt from seizure or sale upon execution, belonging to the Judgment Debtor or Defendant, CDF, Inc.

Cimarron responded to the Garnishment Affidavit, on June 11, 2021, asserting that it was not indebted to CDF, Inc., that it did not have possession or control of any property, etc., belonging to CDF, Inc., and that "Plaintiff Carl Parson's Garnishment Affidavit states on its face that it has three judgments against Defendant, CDF, Inc., not Far-Pro, LLC." Cimarron requested a hearing pursuant to 12 O.S. § 1177

¶5 A hearing was conducted on April 5, 2023, that was unrelated to the garnishment proceeding. At that time, the trial court took up several motions, including "Plaintiff's Motion to Avoid Fraudulent Conveyance of CDF, Inc. $750,000.00 Promissory Note filed May 20, 2022." An Order was subsequently entered on May 19, 2023, journalizing the decisions following the hearing on April 5, 2023, including that "Plaintiff's Motion to Avoid Fraudulent Conveyance of CDF, Inc. [to Far-Pro, LLC of] $750,000.00 Promissory Note filed May 20, 2022 is Granted. The Court concurs with Judge Condren's Decision and Order file [sic] May 5, 2022, and finds the transfer is [sic] Vacated." Cimarron's counsel appeared at and participated in the April 5, 2023 hearing.

¶6 On September 22, 2023, more than two years after the Garnishment Affidavit had been filed, Cimarron filed a "Motion to Stay or Hold in Abeyance the Court's Ruling on Plaintiff Parson's Garnishment on the Cimarron Purchase Agreement." Cimarron alleged that Mr. Parson sought garnishment of a payment from Cimarron to Far-Pro, LLC and that the payments from Cimarron to Far-Pro, LLC were pursuant to a real estate and property purchase agreement. Cimarron claimed that half of the payment was owed to a bank and that if Mr. Parson retained the entire payment, the bank would foreclose on the property purchased by Cimarron. Cimarron claimed that although Mr. Parson did not have a judgment against Far-Pro, LLC when the garnishment was filed, the trial court recently invalidated the assignment from CDF, Inc. to Far-Pro, LLC, of the rights to the payment. Consequently, Cimarron now owed CDF, Inc. rather than Far-Pro, LLC for the payments. Cimarron requested a stay pending resolution of other issues involved in the collection action. Mr. Parson objected to the Motion to Stay and claimed that Cimarron failed to pay him "the money garnished from May 27, 2021 to the present date, or computed as $170,335.20 for the previous 28 months..."

¶7 A hearing was held on April 2, 2024, on both Cimarron's objection to the Garnishment and on "Motion to Stay or Hold in Abeyance the Court's Ruling on Plaintiff Parson's Garnishment on the Cimarron Purchase Agreement". On June 12, 2024, the trial court entered an Order on Plaintiff's Garnishment. 12 O.S. § 1173.3

STANDARD OF REVIEW

¶8 Garnishment proceedings are equitable in nature and there should be no unwarranted vexation or expense to be inflicted upon the garnishee. Discover Bank v. Cox, 2009 OK CIV APP 23281 P.3d 248Horwitz v. Doubenskaia, 2011 OK CIV APP 115264 P.3d 744Id. (citation omitted). Also See, Discovery Bank v. Barnes, 2012 OK CIV APP 89294 P.3d 453

¶9 Cimarron also presents an issue of statutory interpretation, i.e., whether a general garnishment can be continuing in nature. Issues involving statutory interpretation are issues of law subject to de novo review. Dobson Telephone Co. v. State ex rel. Okla. Corporation Comm., 2017 OK CIV APP 16392 P.3d 295de novo review involves a plenary, independent, and non-deferential review of the legal rulings made by the trial court. Id.

¶10 This appeal involves an issue of procedural due process. Procedural due process issues are reviewed de novo. In the Matter of the Turkey Creek Conservancy District, 2008 OK 8177 P.3d 558

ANALYSIS

¶11 Cimarron's Br.-in-chief includes seven propositions of error. 12 O.S. § 201512 O.S. § 1173.3

Alleged Failure to Set a Trial on the Objection to the Garnishment.

¶12 Cimarron claims that the trial court committed error when it failed to set a trial as a civil action after the trial court apparently accepted the Reply that was filed by Mr. Parson to be sufficient notice pursuant to 12 O.S. § 1177See 12 O.S. § 1177supra. Mr. Parson filed a Reply to Cimarron's Answer and the substance of Mr. Parson's "Reply" took issue with Cimarron's claim that it was not indebted to CDF, Inc. and that is all that is required under § 1177. See Horwitz v. Doubenskaia, 2011 OK CIV APP 115264 P.3d 744

Whether a General Garnishment is Continuing in Nature.

¶13 Cimarron argues that the trial court committed error when it found that the general garnishment was continuing in nature. Cimarron recites the law regarding statutory construction and claims that since the general garnishment statute, § 1173.3, is silent on whether it is continuing or non-continuing, and because the Legislature subsequently enacted a specific continuing earnings garnishment statute on wages, that new statute (i.e., § 1173.4, the continuing earnings garnishment statute) would have been unnecessary if the general garnishment statute was continuing in nature. In response, Mr. Parson argues that garnishment proceedings under §1173.3 are equitable in nature, that § 1173.3(F) provides a lien on assets of the debtor, that § 1182

¶14 It is our duty to give meaning and effect to the words chosen by the Legislature, unless to do so would result in an absurdity. See Tate v. Browning-Ferris, Inc., 1992 OK 72833 P.2d 1218Hill v. Board of Education, District I-009, Jones, Oklahoma, 1997 OK 111In the Matter of the Estate of Foresee, 2020 OK 88475 P.3d 862See Discover Bank v. Cox, 2009 OK CIV APP 23281 P.3d 248

¶15 We find that §1173.3 is not ambiguous. The language of § 1173.4, which addresses continuing garnishments, includes language that specifically applies to multiple events, i.e., multiple paychecks, rather than a single event. Title 12 O.S. § 1173.3a lien on the defendant's property due at the time of service of the summons to the extent that the property is not exempt from garnishment." Id. (emphasis added). On the other hand, § 1173.4 states that any "judgment creditor may obtain a continuing lien on earnings." Id. (emphasis added). We find that the Legislative intent is clear from the plain language of § 1173.3, and that general garnishments are not continuing in nature. It was, therefore, error for the trial court to order Cimarron to make monthly payments based upon Mr. Parson's general garnishment. 

Equitable Defenses.

¶16 Cimarron asserts that the equitable defenses of laches, equitable estoppel, and/or waiver should preclude any recovery for Mr. Parson because of the approximately three year delay from the time that the Garnishment Affidavit was filed until the hearing was held on Cimarron's objection to the garnishment. We disagree.

¶17 Laches is an equitable defense to stale claims when there has been an unreasonable delay in prosecuting the claim and, as a result of that delay, the party asserting laches has been materially prejudiced. State ex rel. Oklahoma Bar Association v. Bailey, 2023 OK 34530 P.3d 24Hedges v. Hedges, 2002 OK 9266 P.3d 364

¶18 The elements of equitable estoppel are "(1) a false representation or concealment of facts, (2) made with actual or constructive knowledge of the facts, (3) to a person without knowledge of, or the means of knowing, those facts, (4) with the intent that it be acted upon, and (5) the person to whom it was made acted in reliance upon it to his detriment." Burdick v. Independent School Dist. No. 52 of Oklahoma County, 1985 OK 49702 P.2d 48

¶19 The third and final equitable defense raised by Cimarron is waiver. We find that waiver does not apply to the facts of this case because a waiver requires an intentional relinquishment of a known right and there is absolutely no evidence that Mr. Parson intentionally relinquished his right to garnish funds held by Cimarron. See Martin v. Brock, 2001 OK CIV APP 14555 P.3d 1095

Notice that Assignment of Promissory Note was Fraudulent.

¶20 At the time that Mr. Parson filed his Garnishment Affidavit, Cimarron was making promissory note payments to Far-Pro, LLC due to an assignment of rights from CDF, Inc. to Far-Pro, LLC. However, the trial court did not vacate the assignment as fraudulent until May 19, 2023, approximately two years after the Garnishment Affidavit had been filed. The trial court, nevertheless, held that Cimarron should have been on notice of the fraudulent transfer based on allegations in pleadings that were made by Mr. Parson. Cimarron claims that was error and we agree. Judgments in garnishment proceedings are required to be just to all of the parties and properly protect their interests. 12 O.S. § 1182Discover Bank v. Cox, 2009 OK CIV APP 23

Exemption From Garnishment on the Basis of A Mortgage Payment.

¶21 Relying upon Discover Bank v. Cox, 2009 OK CIV APP 23See Stalcup v. Easterly, 1960 OK 39351 P.2d 735Discover Bank v. Cox, supra., because, in that matter, the garnishee specifically assumed responsibility for mortgage payments. We find that the trial court did not commit error when it did not grant an exemption based on mortgage payments.

Whether Garnishment Action Was Properly Joined.

¶22 Cimarron takes issue with the manner in which the garnishment action was filed and claims that it should be independent of the underlying cause of action. Cimarron claims that Mr. Parson did not sufficiently plead the garnishment cause of action in his Amended Petition. Cimarron concludes that "[t]here must be some limit or requirement for fair notice to join an entirely new garnishment cause of action with other claims in an existing, non-related lawsuit. Otherwise, parties could serve garnishments in cases while avoiding due process requirements, as well as Oklahoma Pleading Code requirements." Mr. Parson argues that a garnishment is a remedy rather than a claim so the argument that the "claim" should have been asserted in the Amended Petition lacks merit. We disagree with Cimarron and find that the trial court did not commit reversible error.

¶23 Procedural due process requires, at a minimum, notice "calculated to provide knowledge of the exercise of adjudicative power and a meaningful opportunity to be heard." Pierce v. State ex rel. Dept. of Public Safety, 2014 OK 37327 P.3d 530In the Matter of A.M. & R.W., 2000 OK 8213 P.3d 484Flandermeyer v. Bonner, 2006 OK 87152 P.3d 195See 12 O.S. § 1177See 12 O.S. § 78

Whether the Garnishment Should Have Been Dismissed Because it Was Not For An Amount Certain.

¶24 Cimarron claims in its final proposition that the garnishment should have been dismissed because the Garnishment Affidavit did not provide a certain amount of debt since it stated that the judgments totaling $255,739.04 were subject to modification and amendment of additional judgments and that the Affidavit did not provide the rate and date the interest begins to accrue as required by § 1172. At most, Cimarron would have been liable under the garnishment to make a single payment in the amount of one installment under the promissory note, which would not satisfy the $255,739.04 debt. We find that the Garnishment Affidavit was sufficient. Moreover, even if there was an error, it is harmless error that did not affect Cimarron's substantial rights. See 12 O.S. § 78

CONCLUSION

¶25 It was error for the trial court to consider the general garnishment to be a continuing obligation for Cimarron and it was error for the trial court to find that Cimarron should have been on notice of the fraudulent transfer at the time that the Garnishment Affidavit was filed. Consequently, the June 12, 2024, Order on Plaintiff's Garnishment is REVERSED.

GOREE, P.J., and SWINTON, J., concur.

FOOTNOTES

12 O.S. § 1177conclusive of the truth of the facts therein stated, with reference to the garnishee's liability to the defendant unless the judgment creditor shall within twenty (20) days from the receipt of the garnishee's answer....serve upon the garnishee or the garnishee's attorney of record....a notice in writing that the judgment creditor elects to take issue with the garnishee's answer; in which case, the issue shall stand for trial as a civil action in which the affidavit on the part of the judgment creditor shall be deemed the petition and the garnishee's answer the answer thereto." Id. (emphasis added).

12 O.S. § 1173.3and pay or deliver to the judgment creditor's attorney or to the judgment creditor if there is no attorney the indebtedness or property belonging to or owed to the defendant, together with a copy of the answer.... F. The garnishment summons and affidavit served on the garnishee under this section are a lien on the defendant's property due at the time of service of the summons to the extent the property is not exempt from garnishment." Id. (emphasis added).

12 O.S. Supp. 2023 § 1173.3

12 O.S. § 1182

12 O.S. § 1185

12 O.S. § 78

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105